STATE, *ex rel.* J. W. GILLESPIE, L. F. RODGERS and JAMES G. MARTIN, v. JOHN B. RODES, FRANK G. CLARK, A. A. DUNN, A. FORTENBERRY and C. SWEET SMITH, as and constituting the Board of County Commissioners of Brevard County, *et al.*

165 So. 267.

Opinion Filed December 20, 1935.

*Hull, Landis & Whitehair,* for Relators;
*Noah B. Butt,* for Respondents.

PER CURIAM.—This was a mandamus proceeding instituted in this Court to compel a tax levy by the officials of Brevard County to pay relators' past due interest coupons, and the coupons to become due prior to October 1, 1934, on bonds held by relators comprising parts of two issues of Brevard county-wide bonds and three issues of bonds negotiated and sold on behalf of special road and bridge distircts of the county. It is further sought herein to require an additional tax levy to be paid into the sinking fund in order to secure payment of the principal of the bonds when they become due.

This Court recognized the right of a single holder of one of an issue of securities to require the law to be observed on the part of the obligor by the making of an adequate levy of taxes as pledged, in order to protect the negotiability and marketability of the issue of which his security is a part. State, *ex rel.* Gillespie, v. Baskin, 102 Fla. 329, 136 Sou. Rep. 262; Humphreys v. State, ex rel. Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858.

The rule just stated, however, is of peculiar application and is principally available for invocation when the object of the proceeding is to either avoid a threatened imminent

default in the servicing of a bond issue, or to repair one presently precipitated by some action of the obligor about to be brought about by either negligence or design. Except when so used, the legal right underlying the rule is subject to the general qualifications usually applicable to mandamus when sought to secure the compulsory performance of a general public duty in which the relator's interest to be protected is a common and general one, as distinguished from a special and peculiar individual right on his part to have a contracted sum of money paid to him through the compulsory performance of a public officer's duties leading to that end.

In this case relators' demand is that respondent be required to comply with the provisions of law that obligate the respondents, as county officers, to levy for the interest and sinking fund requirements of the issues of bonds of which relators' bonds are a part for the fiscal year 1933-1934, during which fiscal year no reasonable legal cause had arisen, by reason of a refunding program, or otherwise, for an avoidance of respondents' legal duties in the premises. This application for relief was first filed in 1933 and nothing has been alleged by respondents in any of the pleadings filed to the alternative writ as it now stands, sufficient to bar or preclude the entry of a final judgment in this case in relators' favor awarding relators a peremptory writ of mandamus.

The relators' demurrer to the return to the amended alternative writ as amended is sustained.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.