STATE, *ex rel.* STERLING BOTTOME, v. CITY OF ST. PETERS-BURG, *et al.*

170 So. 730.

En Banc.

Opinion Filed November 19, 1936.

*Erle B. Askew,* for Relator;

*Carroll R. Runyon,* City Attorney, *W. B. Dickenson* and *Hardee & Martin,* for Respondents.

Davis, J.—This is a case of original jurisdiction in which the relator seeks a peremptory writ of mandamus to compel the respondent officers of the municipality of St. Petersburg to levy a tax for the payment of bonds and interest coupons thereon issued under the terms of Chapter 9914, Special Acts of 1923, and to require the respondents to set aside in a separate fund for the benefit of relator the proceeds of such levy. Motion to quash the ameneded writ has heretofore been overruled. The case is now before the Court for consideration of the respondents' return upon a

motion by relator for a peremptory writ, the return to the contrary notwithstanding.

The return of the respondents shows that the City of St. Petersburg is now in process of attempting to refund all of its bonded debt, amounting to approximately $20,000,000.00, of which amount $7,500,000.00 is past due; that sums approximating $100,000.00 are falling due each and every month; that since 1930 it has been impossible for the City of St. Petersburg to meet its obligations as they respectively mature; that huge taxes have been levied against properties in the city, the greater percentage of which were levied for debt service, but only a relatively small percentage of which have been collected; that the city has decreased its operating budget to an absolute minimum in an effort to do all that was possible to do to maintain its credit and financial structure; that thirteen separate suits are now pending in the Circuit Court of Pinellas County demanding the full and immediate payment of matured obligations without reduction of interest or extension of principal; that in realization of the plight faced by the City of St. Petersburg a bondholders' committee representing approximately ninety per cent. of the city's outstanding indebtedness have agreed to and are recommending to the owners of the bonds represented by it that they accept refunding bonds proposed to be issued by the City of St. Petersburg in lieu of those now held by them, which new bonds will mature thirty-five years from the date of their issuance and will bear annual interest for the first ten years at a rate of not exceeding 3%, graduating thereafter to a maximum of 5% for the last 10 years; that if the proposed refunding agreement is successfully consummated that it will result in reduction amounting to a saving of more than six million dollars in interest charges to the taxpayers of the City of

St. Petersburg as compared to the contract rate of interest currently accruing on the bond outstanding; that the consummation of the refunding proposition of the city to its bondholders is predicated and conditioned upon the refunding agencies of the city and the bondholders' committee aforesaid being able to obtain the acceptance of the refunding plan by a sufficient number of holders of bonds issued by the City of St. Petersburg to assure the municipality and the committee that the city will be able to provide and safeguard proper funds for the payment of interest as it matures and create a sinking fund for the ultimate retirement of all the refunding bonds proposed to be issued; that pending the negotiations for the issuance of refunding bonds the holders of all bonds represented by the committee have agreed to accept and are accepting 3% interest in lieu of their contract rate of interest, and they are withholding legal actions to enforce collection of all past due principal; that if the demand made by the relator in this suit is presently enforced by the Supreme Court and the Circuit Court in the thirteen separate suits now pending in the Circuit Court of Pinellas County should require the city to provide immediately for the payment of all its outstanding obligations now in suit, that many of the bondholders represented by the bondholders' committee in negotiating the refunding agreement would in all likelihood withdraw their bonds from the committee and institute suits for collection in full of their bonds with interest at the contract rate as a means of protection of their interest; that under the circumstances this Court in the exercise of its discretionary power should withhold the execution of any peremptory writ of mandamus that may be issued in the present cause until such seasonable time as this Court can be advised whether or not the City of St. Petersburg refunding program can be carried

through to a successful conclusion or the improbability of
such a program being successfully completed appears.

While the issuance of a peremptory writ of mandamus in
a case like the present to enforce the payment of a matured
municipal bond obligation that has been issued under a
statute entitling the holder of that obligation to resort to
the process of law to have performed a statutory duty on
the part of the municipal officials to provide means for
paying the same is a matter of ordinary legal right, and is
not discretionary in the court to altogether deny or refuse,
yet a proceeding in mandamus is equitable in its nature,
and such a writ may be controlled according to equitable
principles. Thus the enforcement of a peremptory writ of
mandamus may be modified or postponed in particular cir-
cumstances when the carrying it out according to the strict
letter of its commands will be of no great advantage to the
relator, but will tend to work a serious public mischief, or
result in irreparable injury or embarrassment in the orderly
functions of the government with regard to its fiscal affairs,
unless so restricted. United States, *ex rel.* Christmas, v.
Asbury Park, 78 Fed. (2nd) 1003, Certiorari denied 296
U. S. 624, 80 L. Ed. 122; State, *ex rel.* Gillespie, v. County
of Bay, 112 Fla. 687, 151 Sou. Rep. 10; Compare: State,
*ex rel.* Dos Amigos, Inc., v. Lehman, 100 Fla. 1313, 131
Sou. Rep. 533.

The bonds sued on in this case bear interest at the con-
tract rate until paid, which means that such bonds bear in-
terest after maturity as well as before, according to their
terms. In cases in the Federal Courts where judgments are
essential to be obtained before mandamus to enforce pay-
ment thereof will issue, the Federal Courts have consist-
ently regarded the fact that plaintiff enjoys the protection
of an interest bearing judgment as constituting a sufficient

warrant, upon equitable principles, to order a spread, in appropriate instances, of the necessary tax levy for its payment in two or more installments, instead of all in one and the same year, where to require full satisfaction of all that is adjudged to be made by a levy for one year, would be unduly oppressive on the public corporation debtor, or seriously embarrass its financial structure as an agency of local government. United States, *ex rel.* Baer, v. City of Key West, 78 Fed. (CCA 5th Circuit) 88; City of East St. Louis v. United States, *ex rel.* Amy, 120 U. S. 600, 7 Sup. Ct. Rep. 739, 30 L. Ed. 798; Commissioners of Taxing Dist. of Brownsville v. Loague, 129 U. S. 493, 9 Sup. Ct. 327, 32 L. Ed. 780.

Upon the identical principle of law above stated, a tax levy to provide for the ultimate payment of relator's matured bonds, with future installments of interest maturing thereon, might be ordered made pursuant to a peremptory writ of mandamus herein, but spread for the purpose of collection over such period of years as will be in full recognition of relator's adjudicated legal right as a litigant to be paid what is owed him at the earliest practicable date, but consistent with the cognate rights and interests of other creditors similarly situated, the burdens on taxpayers, the pressing necessities of government, and the exigencies of the city's financial structure as a whole, as demonstrated to the Court in the city's petition praying for such spread interposed at the time the controversy is still before the Court for final consideration.

But in the present case the respondents have duly set up such showing *of definite and certain bona fide* undertaking on their part to refund in the near future the city's obligations as a whole, including those owed to relator, that in equity and good conscience the peremptory writ applied

for in this case, although awarded and adjudged to issue to relator as a matter of strict legal right, should nevertheless be presently stayed in its enforcement for such reasonable period of time as will enable this Court to be definitely advised whether or not the refunding operations that have already been contracted for and begun, can be successfully concluded to the advantage of all concerned, or be frustrated and fail. See: United States, *ex rel.* Christmas, v. Asbury Park, 78 Fed. (2nd) 1003, *supra.*

It is accordingly ordered and adjudged that relator is entitled to and is hereby awarded a peremptory writ of mandamus herein, in manner and form consistent with the alternative writ of mandamus, as amended; but that the issuance and service of such peremptory writ of mandamus be and the same is hereby stayed and arrested until the further order of this Court, this Court retaining jurisdiction of this proceeding on its docket for such further appropriate order in the premises as may be consistent with law and justice, the costs of this proceeding to be taxed against and paid by the respondents herein.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.