STATE, ex rel. W. B. GIBSON, v. CITY OF LAKELAND, FLORIDA, et al.

171 So. 227.
Division B.
Opinion Filed November 30, 1936.

*Smith & Petteway, Waller & Pepper* and *B. A. Meginniss,* for Relator;

*Carver & Langston* and *William K. Love,* for Respondents.

PER CURIAM.—This was an original proceeding in mandamus to coerce the City of Lakeland, Florida, through its proper officials to levy and assess sufficient millage against all the taxable property in the City of Lakeland which was subject to taxation at the time the bonds involved were issued sufficient to produce a sum of money sufficient to satisfy and pay off the bonds described in the petition.

The alternative writ further commands respondent W. F. Reid as Tax Collector of said City of Lakeland to collect and pay off to relator the money collected from the taxes so levied and assessed for the relator's bonds aforesaid.

This Court has consistently declined to include in an original peremptory writ coercing the levy and assessment of taxes an order to the Tax Collector to collect and pay over the moneys derived from such levy and assessment.

The return shows that pursuant to ordinances duly passed known as the appropriation and tax levy ordinances for the fiscal year beginning October 1, 1936, and ending October 1, 1937, assessments have been made, tax statements have been sent out to taxpayers, tax books have been made up and spread and the proceeds of a portion of the taxes have been received. It is alleged in effect that to command a revision and re-enactment of the ordinance would necessitate new tax books, new and different tax statements, adjustment of taxes already paid and that the result would be to postpone the collection of taxes and to create great confusion in all departments of the City having to do with taxation and finance.

There was demurrer filed to the return and also motion for the issuance of peremptory writ, the return notwithstanding.

This Court is not inclined to extend the writ of mandamus to require the tax collector to collect tax assessed when the

primary purpose of the writ is to require the levy and assessment of the tax.

If the alternative writ is amended so as to eliminate the command addressed to the Tax Collector hereinabove referred to, the peremptory writ will be awarded on authority of the opinion and judgment in the case of State, *ex rel.* Gillespie, v. Rodes, 122 Fla. 262, 165 Sou. 267, with leave, however, to the relator to further amend the alternative and peremptory writs so that the same will apply to the levies and assessments to be made and the tax rolls to be made up in the year 1937, so as to avoid that confusion which apparently would be incident to the issuing of peremptory writ at this time.

It is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.