STATE, *ex rel.* KATIE M. LYMAN, v. THE CITY OF DAYTONA BEACH, a Municipal Corporation, etc., E. H. Armstrong, as Mayor-Commissioner, *et al.,* as Zone Commissioners, who, with the Mayor-Commissioner, constitute the City Commission of the City of Daytona Beach, *et al.*

176 So. 847.

Opinion Filed November 6, 1937.

*M. G. Rowe,* for Relator;

*Leon J. C. Harton,* for Respondents.

BUFORD, J.—This case is before us on motion for peremptory writ of mandamus, the return to the alternative writ notwithstanding.

We have considered the record, the briefs and argument by counsel for the respective parties, and we find that the return alleges no sufficient facts to constitute a defense to the alternative writ.

It appears, however, that it would cause great confusion and inconvenience to the taxpayers, as well as to the defendant municipality for the peremptory writ to require the levy mentioned in the alternative writ to be entered on the tax rolls for 1937. Therefore, the alternative writ will be amended so as to apply to the tax roll of 1938.

The alternative writ seeks to coerce the levy of a tax sufficient to pay five $1,000.00 bonds which have long been in default, together with interest on such bonds at 6% per annum since the 15th day of July, 1933.

It appears that when the alternative writ shall have been amended as above stated the relator is entitled to have judgment for peremptory writ in accordance therewith.

Proceedings in mandamus are equitable in nature and, therefore, the writ may be controlled according to equitable principles. State, *ex rel.* Bottome, v. City of St. Petersburg, *et al.,* 126 Fla. 233, 170 Sou. 730.

Having considered the issues and contentions presented in this case in the light of the opinion and judgment in the case just above cited, it is our judgment that equitable considerations demand a stay in part of the execution of the peremptory writ of mandamus to be issued in this cause. It is, therefore, now adjudged that the execution of the peremptory writ of mandamus as to $2,000.00 of the principal of the bonds constituting the basis of relator's claim, together with interest thereon from January 1, 1938, shall be

stayed until the making up of the tax roll of the respondent corporation for the year 1939, while the writ shall be as promptly as may be executed by entering on the tax rolls of the municipal respondent for the year 1938 a sufficient levy to produce the sum of $3,000.00 principal with interest on the full amount of $5,000.00 from the 15th day of July, 1933, to the 1st day of January, 1938.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.