STATE, *ex rel.* L. D. CARSON, ELLEN CREWS and VIRGIE BATEMAN, *et vir*, v. CLYDE BATEMAN, Chairman, J. A. FILLIGIN, and J. C. GALLOWAY, as and constituting the Board of Public Instruction of Liberty County, and T. GRADY SHULER, as County Superintendent of Public Instruction of Liberty County.

180 So. 22.
Opinion Filed March 3, 1938.
Rehearing Denied April 13, 1938.

*Gregory & Towles,* for Relators;
*Lewis Hall* and *Clyde W. Atkinson,* for Respondents.

PER CURIAM.—The alternative writ of mandamus herein issued from this court commanded the respondent members of the Board of Public Instruction for Liberty County, Florida, to instanter convene as such Board and reinstate relators as teachers in the public school at Hosford, Florida, in Special Tax School District No. 6 of Liberty County, for the school year 1937-1938, and to contract with them for their services as such teachers, and commanded the

respondent County Superintendent of Public Instruction of Liberty County, Florida, to do and perform all acts necessary on his part to effectuate the carrying out of the other commands of the writ, or to show cause for not doing so.

A motion to quash the alternative writ was denied with leave to answer, in order that a full showing may be made of the rights asserted. Upon the filing of the answer, relators moved for a peremptory writ notwithstanding the answer; and if such averments are legally sufficient as a defense to the writ, a peremptory writ should be denied.

Upon consideration of the record it appears that the asserted rights of the relators to be employed as teachers have not been shown to be clearly established for enforcement by mandamus; that the teaching force of the district has been in operation for a large portion of the school term in general accord with a peremptory writ of mandamus issued by the Circuit Court; and that the issue of a peremptory writ herein would cause confusion in the work of the schools to the detriment of the public welfare.

The court may refuse a peremptory writ of mandamus upon equitable considerations affecting the general good of the community where such considerations preponderate against an asserted right to the writ that is not clearly established. If relators have contract rights they may be reversed in appropriate actions.

Peremptory writ is denied and the cause is dismissed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., not participating.