### KING et al. v. UNITED STATES ex rel. TIEDTKE et al.

### No. 8849.

Circuit Court of Appeals, Fifth Circuit.

Jan. 24, 1939.

D. C. Hull, Erskine W. Landis, and Francis P. Whitehair, all of Deland, Fla., and W. W. Whitehurst, of Wauchula, Fla., for appellants.

W. D. Bell, of Arcadia, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellees are holders of a judgment against Hardee County, Florida, on bonds issued by it, for $10,740.50, and against Hardee County on behalf of Special Road and Bridge District No. 7, on bonds issued by the District, for $24,676.66. As such holders they sued appellants for and obtained a final judgment and order for peremptory writ of mandamus, directing the levy and collection in and for the year 1938 of a millage tax, sufficient, if collected, to pay their judgments. They did not, however, obtain this except over appellants' vigorous protest and complaint, that the heavily over-bonded condition of the County and the District justified, indeed required, a stay of the writ pending the refunding efforts of the County and the District, or at least, that the levy should be spread over a reasonable number of years. Appellants are therefore here seeking the reversal of the judgment, as entered in abuse of a reasonable discretion, or, if that may not be had, its modification, to spread the collection of the ordered levies over a reasonable period of years.

In support of their claim on the facts they point out the greatly embarrassed financial condition of the County and the District, with a large part of the bonds of both in default and, as to each, with debts greatly in excess of its valuations. They point out too, what appellees admit, that there is pending an application of the District for relief under the Municipal Bankruptcy Act, 11 U.S.C.A. § 301 et seq., and that as to the County, which is unable to sue for bankruptcy relief, there are negotiations on foot for a reasonable refunding arrangement. While in its support in law, insisting that legal in form, the remedy of mandamus is equitable in its nature, and will be granted, withheld, or tempered, according to the equitable circumstances in each case, they cite United States v. Dern, 289 U.S. 352, 53 S.Ct. 614,

77 L.Ed. 1250; State ex rel. Bottome v. City of St. Petersburg, 126 Fla. 233, 170 So. 730; City of Sarasota v. State, 127 Fla. 126, 172 So. 728; City of Asbury Park v. Christmas, 3 Cir., 78 F.2d 1003; United States ex rel. Baer v. Key West, 5 Cir., 78 F. 88; City of East St. Louis v. United States ex rel. Amy, 120 U.S. 600, 7 S.Ct. 739, 30 L.Ed. 798; State ex rel. Lyman v. City of Daytona Beach, 129 Fla. 896, 176 So. 847; City of Cleveland, Tenn. v. United States, 6 Cir., 166 F. 677, 678; Graham v. Quinlan, 6 Cir., 207 F. 268.

Appellees, on their part, urge upon us as to the County, the smallness of the judgment against it, and the fact that the levy has already been made and will, in all reasonable probability, be collected within the year. As to the District, they point out that their judgment is relatively small in amount, and in addition, that appellants can suffer no hardship from the levy ordered, because it has been suspended by the bankruptcy proceeding. They insist that, as to both the County and District judgments, nothing in the record points to any abuse of discretion below, but if there was, nothing could be gained by now reversing the judgment, because the levy has been made and the collection has probably already occurred as to the County, while as to the District, the operation of the levy has been and will be, stayed during the bankruptcy proceedings.

While we are not prepared to hold that there was an abuse of discretion justifying reversal of the judgment, we think the District Judge would have been better advised under the circumstances shown in the record, to have spread the collection of the levy ordered over a reasonable period of years, as was done in City of Cleveland v. United States and Graham v. Quinlan, supra.

While the order will therefore be affirmed as not entered in abuse of discretion, it will be modified so as to authorize the District Judge to require the taxes remaining uncollected under each judgment when the mandate goes down, to be collected in such reasonable annual installments as he may fix, not less than three nor more than five, until the sums due and to accrue under each judgment are paid in full.

As modified, the judgment appealed from is affirmed, with costs.