CITY OF SAFETY HARBOR, *et al.*, v. STATE, *ex rel.* EVELYN V. SMITH.

187 So. 173.

Division B.

Opinion Filed February 21, 1939.

Rehearing Denied March 10, 1939.

*Ray C. Brown,* for Plaintiffs in Error;
*Baker & Ulmer,* for Defendant in Error.

BROWN, J.,—This writ of error brings before us for review a judgment awarding peremptory writ of mandamus, upon which the peremptory writ was issued, but the execution of the judgment and the enforcement of the peremptory writ was stayed pending these appellate proceedings by a supersedeas bond. The judgment, which was rendered August 14, 1937, ordered the levy of a tax by the defendant city for the tax year 1937-1938 sufficient to pay the amount which the court found to be due to the relator on past due interest coupons on certain bonds of the City of Safety Harbor held by the relator, amounting to something over $6000.

The respondent city showed by its answer that it was in a deplorable condition financially and, that it was burdened with a very heavy bonded indebtedness and handicapped by a very general delinquency in the payment of taxes. It recited efforts to refund its bonded indebtedness in the past and referred to the fact that there was then pending in Congress an act to amend the Federal Municipal Bankruptcy Act, under which if passed, the city hoped to arrive at a compromise with its creditors which would solve its financial problems. However, the answer did not show the pendency at the time of any definite plan for refunding

the city's bonded indebtedness. The contention of the plaintiff in error here that the circuit court abused its discretion in rendering the judgment and granting the peremptory writ, upon the authority of State, *ex rel.* Bottome v. City of St. Petersburg, 126 Fla. 233, 170 So. 730, is not well founded. In that case the court held that the enforcement of the peremptory writ should have been styled for a reasonable time until the court could determine whether the existing refunding operations of the city, which had already been contracted for and begun, could be carried out to the advantage of all concerned. It is true that we have held that while mandamus is a common law remedy, the granting of the writ is governed by equitable principles, and that the enforcement of the writ if granted may be modified or postponed in particular circumstances when the carrying it out according to the strict letter of the command would be of no great advantage to the relator but would tend to work a serious public mischief, or result in irreparable injury or embarrassment in the orderly functioning of the government with regard to its financial affairs, unless so restricted.

In view of the facts existing at the time the judgment awarding the peremptory writ was rendered and the peremptory writ issued, as shown by the pleadings in the case below, we do not consider that this court would be authorized to hold that any reversible error was committed by the Circuit Court.

On February 2, 1939, a motion was filed in this court stating that since the writ of error in this case was sued out, Congress had enacted the amended bankruptcy act and the city of Safety Harbor had filed its petition in the United States District Court for the Southern District of Florida for the purpose of obtaining the benefits of said act; that the relator in the court below, defendant in error here,

Evelyn V. Smith, was listed as a creditor of the city and interest coupons owned by her were listed as securities held by her as affected by the plan of composition proposed by said city to its creditors; that she was given legal notice of the filing of the petition as required by the Act and that she did not file any answer to the petition controverting any of the material allegations therein or setting up any objections thereto. That on June 10, 1938, the Federal District Court made and entered its interlocutory decree adjudicating that the plan of composition was fair, equitable, and for the best interests of the creditors; that it had been accepted and approved as required by the Act, and that the city was authorized to take all action necessary to carry out the plan, which provided for taking care of the relator's interest coupons. That thereafter on December 13, 1938, the United States District Court entered its final decree, a certified copy of which is attached to the motion, and that no appeal has been taken therefrom within the time which an appeal could be taken. That thereby the city was discharged from all its debt and liabilities dealt with in the plan of composition, including its debt to the defendant in error, and that said plan of composition thereupon became and is binding upon all creditors, including the defendant in error, all of which obligations were extinguished, and that defendant in error now has no further right under the same than to obtain from the transfer agent the refunding bonds of the City of Safety Harbor issued by it in satisfaction of its debt to the defendant in error; that therefore the defendant in error no longer has any right to have any tax levy made by the city of Safety Harbor for the purpose of collecting taxes to pay the interest coupons owned by the defendant in error. Wherefore the plaintiff in error moves this Court to vacate and set aside the peremptory writ of mandamus issued herein by the lower court.

The facts with reference to the bankruptcy proceedings, and the legal effect thereof upon the interest coupons of the defendant in error, as well as upon the judgment of the Circuit Court based thereon, may be well founded. We do not feel called upon to determine that question. There being no error in the proceeding in the court below, the defendant in error here has the right to a judgment of affirmance by this Court of the judgment awarding the peremptory writ which was granted by the court below on August 14, 1937. The questions raised by this motion as to the effect of the adjudication in bankruptcy upon the judgment awarding the peremptory writ of mandamus and the peremptory writ which was issued thereon, and promptly superseded pending this appeal, could more appropriately be raised in the circuit court after the affirmance of its judgment and the remandment of the cause to that court.

The judgment of the court will be, and hereby is, accordingly affirmed, but with leave to that court to entertain and consider and rule any appropriate motion which may be filed by the plaintiff in error for the vacation and setting aside or staying of the peremptory writ of mandamus heretofore issued by said court in this cause, and to take such action as applicable and controlling law requires.

Affirmed with direction.

WHITFIELD, P. J., and CHAPMAN, J., concur.

THOMAS, J. J., concurs in the opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the rules of this Court.

### ON PETITION FOR REHEARING.

BROWN, J.,—On petition for rehearing, plaintiff in error has pointed out an inaccuracy in the statement of facts in the foregoing opinion, wherein it is stated that:

"The answer did not show the pendency at the time of any definite plan for refunding the city's bonded indebtedness. The contention of the plaintiff in error here that the Circuit Court abused its discretion in rendering the judgment and granting the peremptory writ, upon the authority of State, *ex rel.* Bottome v. City of St. Petersburg, 126 Fla. 233, 170 So. 730, is not well founded."

The above statement to the effect that the City did not have a "definite plan for refunding the city's bonded indebtedness," is not strictly accurate, but the inaccuracy is really immaterial, and the conclusion reached by this court was correct. The allegations of the answer filed by the city to the alternative writ do set out a more or less definite plan for the refunding of the city's bonded indebtedness, but it was *indefinite* as to the matter of *time*. In the Bottome case, the answer or return of respondents showed that the city of St. Petersburg not only had a definite plan of refunding, but that 90 per cent of its bondholders had accepted such plan and that a bona fide effort was being made to refund in the *near future* the city's obligations as a whole. That was a case of original jurisdiction, and in view of these allegations this court held that the peremptory writ in that case, although awarded as a matter of strict legal right, should nevertheless be stayed in its enforcement for such reasonable period of time as would enable this Court to be definitely advised whether or not the refunding operations that had already been contracted for and begun could be successfully concluded to the advantage of all concerned.

Now in this case, the city's return, after setting forth briefly the plan of refunding and alleging that the owners of slightly more than 75 per cent of the outstanding bonds had accepted the plan, alleges that: "Respondents believe that if said city is not interfered with that it will eventually be able to refund its indebtedness and refinance itself so

that the property owners will pay the taxes and said city be able to function as a municipality." It is further alleged in the answer that there was then pending in Congress a bill to give municipal debtors relief in the bankruptcy courts of the United States, and that if said Act is passed and becomes a law, said municipality can and will immediately commence proceedings to complete its plan of refinancing in the event it has not previously been able to do so by the voluntary action of its creditors.

A careful review of the Bottome case will show that the allegations of the return to the alternative writ in this case does not measure up to the situation presented in the cited case. The matter of the time within which a refunding of the city's obligations might possibly be accomplished was so indefinite that the court below could not be held by this Court to have abused its discretion in granting the judgment and in awarding the peremptory writ. Such judgment being correct at the time of its rendition, in that it was within the discretion of the trial court to render under the facts set forth in the alternative writ and the answer thereto, the relator in the court below was and is entitled to a judgment of affirmance by this court, with leave to the trial court to entertain and act upon any appropriate motion which may be made in the light of the fact that since such judgment was granted and such writ was issued, and before the enforcement of such writ, the bankruptcy proceedings have intervened and an adjudication of bankruptcy has been rendered. This authority in the trial court to take further appropriate action was provided for in our original opinion and judgment of affirmance.

The petition for rehearing will therefore be denied.

TERRELL, C. J., and WHITFIELD, CHAPMAN and THOMAS, J. J., concur.