On Rehearing
PER CURIAM.
We here consider on rehearing granted the respondent’s motion to quash the alternative writ of mandamus heretofore issued in this cause.
By these proceedings the relator attacks the propriety of an order of the respondent setting aside a default judgment entered in a suit in which the relator, an insurance carrier, was plaintiff and another insurance carrier was defendant. The suit was a companion suit to another between the same parties (although the parties were in reverse order in the prior suit) involving the same controversy — that is, which of the two insurance carriers was liable for a judgment previously secured in a tort action against an insured.
We do not reach the question of whether the respondent was authorized to set aside the default judgment on any ground other than one which would render the judgment amenable to attack under the principles enunciated in Alabama Hotel Co. v. J. L. Mott Iron Works, 86 Fla. 608, 98 So. 825, Perrin v. Enos, Fla.1952, 56 So.2d 920, and similar cases because we have the view-that the extraordinary circumstances shown by this record are such as to require this court, in the exercise of its discretion, to decline to grant the extraordinary writ of mandamus.
 It is well settled that the granting of the writ of mandamus is governed by equitable principles. See City of Safety Harbor v. State, 1939, 136 Fla. 636, 187 So. 173; State ex rel. Carson v. Bateman, 131 Fla. 625, 180 So. 22; State ex rel. Gibson v. City of Lakeland, 126 Fla. 342, 171 So. 227; State ex rel. Bottome v. City of St. Petersburg, 126 Fla. 233, 170 So. 730. If the issuance of the writ will not promote substantial justice or would lend aid to the effectuation of a palpable injustice, the court may, in the exercise of its discretion, decline to grant the writ. See 34 Am.Jur., Mandamus, Sec. 34, p. 830, and cases cited.
We have concluded that this is a case where the court, in the exercise of its discretion and to prevent a palpable injustice, must decline to grant the writ, irrespective of the technical legal rights of the parties. Having chosen to invoke a remedy equitable in nature, the relator must be bound by the equitable principles applicable thereto.
Accordingly, we recede from our original opinion in this case, the motion to quash the alternative writ of mandamus heretofore issued is granted, and the writ is quashed.
It is so ordered.
THOMAS, HOBSON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.
TERRELL, C. J., dissents.