616 P.2d 37

**MARICOPA COUNTY, Jerry I. Hill, Maricopa County Sheriff; Pima County, Clarence Dupnik, Pima County Sheriff; and Yuma County, Travis Yancey, Yuma County Sheriff, Petitioners,**

v.

**STATE of Arizona, Bruce E. Babbitt, Governor, and Ellis MacDougall, Director of the Arizona Department of Corrections, and Superintendent of the Arizona State Prison, Respondents.**

No. 14926.

Supreme Court of Arizona,
In Banc.

July 16, 1980.

Rehearing Denied Sept. 4, 1980.

Charles F. Hyder, Maricopa County Atty. by G. Eugene Neil, Deputy County Atty., Phoenix, Stephen D. Neely, Pima County Atty. by James M. Howard, Deputy County Atty., Tucson, David S. Ellsworth, Yuma County Atty., Yuma, for petitioners.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Asst. Atty. Gen., Phoenix, for respondents.

STRUCKMEYER, Chief Justice.

This special action in the nature of mandamus was brought to compel Ellis Mac-Dougall, Director of the Department of

Corrections and Superintendent of the Arizona State Prison, to comply with his statutory duty to hold in custody all those persons sentenced to the State Prison or the State Department of Corrections by the Superior Court. Prayer for relief granted.

Petitioners herein, Maricopa, Pima and Yuma Counties, are political subdivisions of the State of Arizona, and petitioners Jerry I. Hill, Clarence Dupnik and Travis Yancey are their respective, duly elected and acting Sheriffs. The petitioning counties, pursuant to A.R.S. § 11–251, have the statutory authority to erect and furnish jails, and petitioning sheriffs have the statutory duty, pursuant to A.R.S. §§ 31–101 and 31–121, to take charge of and maintain such county jails and the prisoners therein. As of the date of filing of the petition in this Court, the Superior Courts of the petitioning counties have sentenced numerous individuals to imprisonment for felony convictions, and certified copies of their judgments of conviction and sentences have issued and have been delivered to respondent Ellis MacDougall.

Prisoners who have been remanded to the custody of the Department of Corrections or to the Arizona State Prison by the Superior Courts of Maricopa, Pima and Yuma Counties are in the custody of petitioners Hill, Dupnik and Yancey and are awaiting transfer to respondent MacDougall for execution of their sentences. It is acknowledged that respondent Ellis MacDougall and his agents upon many occasions have refused to accept the transfer of prisoners from the respective county jails to the Department of Corrections. The uncontradicted affidavit of Jerry I. Hill, Sheriff of Maricopa County, recites that at the time of the filing of this petition he was holding in custody 105 sentenced felons and that over the past three calendar months sentenced felons have occupied 3,922 man–days in the Maricopa County jails, but that on numerous occasions agents of the Department of Corrections have informed him or his staff that they will not accept such felons or that they will only accept some of them.

By A.R.S. § 13–701, a person sentenced to imprisonment for a felony "shall be committed to the custody of the department of corrections." By A.R.S. § 41–1604(A)(2), the Director of the State Department of Corrections is required to administer all prisons and reformatories as may be established for the "custody, control, correction, treatment and rehabilitation of all adult and youth offenders committed thereto." By § 31–201.01(A), the Superintendent of the State Prison and the State Department of Corrections "shall hold in custody all persons sentenced to the state prison under the law."

 From the simple statement of the foregoing statutes it is self–evident that the Legislature has imposed upon the Department of Corrections the duty of taking and holding all those persons sentenced to the custody of the Department of Corrections or the State Prison. The Director of the Department of Corrections must accept convicted felons pursuant to his responsibility to administer the prisons and reformatories of the State of Arizona. He cannot refuse to accept prisoners sentenced pursuant to law "upon delivery to him of a signed, certified copy of the entry in the court's docket." Rule 26.16, Arizona Rules of Criminal Procedure, 17 A.R.S. The Superintendent's statutory mandate is to "receive and safely keep all prisoners committed to the prison." A.R.S. § 31–223.

The Director argues that his duty to receive and accept custody of all prisoners sentenced to the Department of Corrections is not ministerial, but that he has discretion in some circumstances to delay the acceptance of custody. The Director's position is that he is a defendant in a Federal District Court suit challenging the conditions of the state prison system "and is subject to orders issued in that action, * * *." The affidavit of Ellis MacDougall asserts that the Department of Corrections facilities are crowded and that he is "currently accepting custody of as many prisoners as possible within the limits of the Federal District Court order"; that he has directed his staff not to accept immediate custody of all pris-

364

oners from the counties of this State; that this directive has given rise to a lag time of between four and six weeks between a prisoner's commitment to the Department of Corrections and his admission.

■ We recognize that impossibility of performance is a recognized defense to mandamus, but respondent does not assert that performance is impossible because of the want of funds with which to provide temporary accommodations and proper supervision and care or that he does not have the means to acquire such funds. *Cf. Harrison v. Riddle*, 44 Ariz. 331, 36 P.2d 984 (1934). The Director's duty to receive and hold in custody all prisoners under the statute A.R.S. § 31–201.01 is unqualified. It is a ministerial duty concerning which he has no discretion. Unless it be shown, which it has not, that temporary accommodations cannot be provided that comply with the District Court's order, we are compelled to require that the law be administered as written.

We hold that a prisoner must be received by the Department of Corrections within ten days after notification that he is being held for its disposition.

HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.