663 P.2d 596

Julian Roy GARCIA and Susan J. Garcia, individually and as husband and wife, Plaintiffs/Appellees,

v.

CITY OF SOUTH TUCSON, a body politic; Dan Eckstrom, Mayor of the City of South Tucson; Alfonsa McKenna, Felix Robles, Luis Redondo and Shirley Villegas, councilmen of the City of South Tucson; Richard E. Kaffenberger, City Manager of the City of South Tucson, and Bill Ponder, City Clerk of the City of South Tucson, Defendants/Appellants.

No. 2 CA–CIV 4479.

Court of Appeals of Arizona, Division 2.

March 3, 1983.

Rehearing Denied April 14, 1983.

Review Denied May 25, 1983.

Richard D. Grand and James G. Heckbert, Tucson, for plaintiffs/appellees.

Stompoly & Even, P.C. by William G. Walker, Tucson, for defendants/appellants.

OPINION

HATHAWAY, Judge.

Appellees filed this special action sounding in mandamus against the City of South Tucson seeking enforcement of a tort judgment for personal injuries entered against the city. *Garcia v. City of South Tucson,* 131 Ariz. 315, 640 P.2d 1117 (App.1981).

The city answered the special action, admitting (1) the judgment and amount; (2) its affirmance on appeal; (3) the duty of the city officials to pay the debts and expenses of the city, subject to statutory and constitutional regulations; (4) the power of the city officials to assess for payment of the city's debts, subject to the same claimed statutory and constitutional limitations; (5) the judgment was unpaid, and (6) the city officials have not budgeted funds for fiscal 1981–82 to pay the judgment.

At the hearing on the order to show cause why the special action should not be granted, appellees requested that their special action petition be amended to request payment of the judgment in five equal annual installments. The request was granted and judgment was entered granting the special action and ordering payment of the appellees' judgment in five equal annual installments, beginning December 31, 1982. The city officials were ordered to provide for the payment and to levy taxes, if necessary, for that purpose.

Appellants contend on appeal that (1) they were denied due process of law by the trial court's refusal to conduct an evidentiary hearing; (2) without a hearing, appellees never met their burden of proof, and (3) state constitutional limitations on increases in property tax prevent appellants from implementing the trial court's order. We agree with appellants that an evidentiary hearing should have been held, but reject their other arguments.

Appellees' position at the show cause hearing was that they were entitled to mandamus as a matter of right and that five years was a reasonable time for payment of the judgment. Appellants, on the other hand, maintained that they were entitled to present evidence in defense, i.e., impossibility of performance.

Mandamus is a proper remedy to enforce a city's duty to pay a judgment

**606**

debt and to compel an appropriation. 17 McQuillin Mun Corp § 51.46, and cases cited therein; *Town of Flagstaff v. Gomez,* 29 Ariz. 481, 242 P. 1003 (1926). Appellees therefore were entitled to invoke mandamus to enforce collection of their judgment and to compel appellants to levy and collect taxes with which to pay the judgment.

 Appellees' burden of proof was satisfied when they established their judgment, that it had not been paid, the city's duty to pay the judgment debt, and the city's refusal to do so.[1] Appellants then had the burden of showing that they could not perform the act demanded. 17 McQuillin Mun Corp § 51.69; 55 C.J.S., Mandamus, § 325. They were not permitted to do this as the trial court did not allow evidence to be presented and summarily granted mandamus relief. We believe this was error.

Impossibility of performance is a recognized defense to mandamus. *Maricopa County v. State,* 126 Ariz. 362, 616 P.2d 37 (1980). Although mere financial hardship is insufficient as a defense, *May v. Board of Directors of El Camino Irr. Dist.,* 34 Cal.2d 125, 208 P.2d 661 (1949), a complete want of funds and inability to raise them is a defense to mandamus. *Harrison v. Riddle,* 44 Ariz. 331, 36 P.2d 984 (1934); 55 C.J.S., Mandamus, § 14. Some courts, where the municipality is financially distressed, have balanced the equities and exercised discretion as to the manner in which the judgment should be paid. Thus, payment of judgments has been spread over a period of years. See e.g., *North Miami, Florida v. Meredith,* 121 F.2d 279 (5th Cir. 1941); *King v. U.S.,* 100 F.2d 797 (5th Cir. 1939); *U.S. v. City of Vero Beach,* 90 F.2d 70 (5th Cir.1937).

The trial court's decision to grant or deny mandamus is a matter of discretion and will be sustained on appeal absent a showing of an abuse of that discretion. *Bilagody v. Thorneycroft,* 125 Ariz. 88, 607 P.2d 965 (App.1979). The refusal to permit appellants to present any evidence as to their ability to levy additional taxes constituted an abuse of discretion.

We find no merit in appellants' contention that Art. 2, § 32 and Art. 9, §§ 18 and 19 of the Arizona Constitution, which place limitations on property tax increases, inhibit their ability to levy taxes. These limitations apply only to voluntary indebtedness. *Town of Flagstaff v. Gomez,* supra; *Lewis v. Widber,* 99 Cal. 412, 33 P. 1128 (1893); *State v. City of Willow Springs,* 183 S.W. 589 (Mo.1916). The noninclusion of involuntarily imposed obligations in the exceptions does not bar such obligations.

Reversed and remanded for further proceedings consistent with this opinion.

HOWARD, C.J., and BIRDSALL, J., concur.

---

1. These allegations were admitted in appellants' responsive pleading.