664 P.2d 189

Clarence DUPNIK, Pima County Sheriff; Pima County, a body politic; Jerry Hill, Sheriff of Maricopa County, and Maricopa County, a political subdivision of the State of Arizona and a body politic, Plaintiffs/Appellants and Cross-Appellees,

v.

Ellis MacDOUGALL, Director of the Arizona Department of Corrections; the Arizona Department of Corrections and the State of Arizona, Defendants/Appellees and Cross-Appellants.

No. 15904.

Supreme Court of Arizona, En Banc.

April 7, 1983.

Rehearing Denied June 8, 1983.

Thomas E. Collins, Maricopa County Atty. by Barbara Caldwell, Charles Gatewood, Asst. Maricopa County Attys., Phoenix, for plaintiffs/appellants and cross-appellees.

Robert K. Corbin, Atty. Gen. by Jay Adkins, Asst. Atty. Gen., Phoenix, for defendants/appellees and cross-appellants.

HOLOHAN, Chief Justice.

This matter comes before the court on cross-appeals by the counties of Maricopa and Pima and their sheriffs, plaintiffs in

the trial court, and by the Department of Corrections and its director, defendants in the trial court.

The plaintiffs sought by an action for declaratory judgment to establish that the Department of Corrections, a state agency, is responsible for the costs incurred by a county in maintaining sentenced felons in county jails pending delivery to the state and for the cost of transporting such prisoners to state detention facilities. A separate claim for damages for past maintenance was also included.

Motions for summary judgment were filed by the parties, and the trial court granted partial summary judgment with the finding required by Rule 54(b), Rules of Civil Procedure, to make the judgment appealable.

In the judgment the trial court held that, after sentencing a defendant to the custody of the Department of Corrections, the superior court was authorized to remand the prisoner to the custody of the sheriff with directions that the sheriff deliver the prisoner to the Department of Corrections; that the sheriff must hold the sentenced prisoner in the county jail until the sheriff has received a signed, certified copy of the court's minute order setting forth the judgment and sentence; that the Department of Corrections must receive the prisoner within 10 days after being notified that the sheriff is able to make delivery, i.e., that the sheriff has the certified copy of the judgment; that the sheriff must transport, at county expense, the prisoner from the jail to the custody of the Department of Corrections; and that, except for such transportation costs, all prisoner maintenance costs incurred by the County from the time the sheriff notifies the Department of Corrections that the prisoner is legally able to be delivered "will be reimbursable from the State to the County."

Plaintiffs in their appeal challenged that portion of the judgment requiring the County to bear the transportation costs of delivering prisoners to the Department of Corrections and that portion of the judgment allowing the Department of Correc-

tions to delay before receiving the sentenced prisoner. Defendants challenged that portion of the judgment which requires the State to reimburse the Counties for expenses incurred in maintaining the prisoners after proper notification has been given to the Department of Corrections.

The parties, after the appeal was at issue, filed a petition to transfer it to this court. Because of the important public issues involved in the case we granted the petition and ordered the appeal transferred to this court.

The essential facts are not in dispute. When a defendant is sentenced by the superior court to imprisonment and committed to the custody of the Department of Corrections, the superior court usually orders the sheriff to take custody of the sentenced defendant until he can be received by the Department of Corrections. Before the Department of Corrections will accept a sentenced prisoner, the sheriff must, as required by Rule 26, Rules of Criminal Procedure, present to the officer in charge of the receiving facility a certified copy, signed by the sentencing judge, of the judgment and sentence of the superior court.

The Department of Corrections requires that the sheriff deliver the sentenced prisoner to the facility designated by the Department which is usually a facility located in Phoenix, Arizona. Often the Department of Corrections will not agree to accept delivery of a sentenced prisoner until ten days after it has been notified that the prisoner was sentenced and is ready to be transported.

Underlying the dispute between the parties is the problem of jail and prison overcrowding. In addition, all of the parties are operating under federal court orders from different federal judges which orders affect the operation of the jail or prison. The desire by the sheriffs to control the number of prisoners confined in their county jails has become a critical necessity for them to achieve compliance with federal standards. The Department of Corrections, however, is faced with a similar problem of overcrowding and lack of space in the state prison

system and the requirement to comply with federal standards.

It is not within the power of this court to solve the very real and complex problems of the parties. We can, however, define the legal responsibilities of the parties in the area at issue. It appears that the essential issue for us to resolve is when does a sentenced prisoner become the financial responsibility of the State?

At the outset we believe that it is necessary to clarify the holding in *Maricopa County v. State*, 126 Ariz. 362, 616 P.2d 37 (1980). The Department of Corrections interprets the case to mean that the Department has no responsibility for receiving or paying for the maintenance of a sentenced prisoner until ten days after notification that the prisoner is being held for disposition by the Department. This interpretation is erroneous.

In *Maricopa County v. State, supra,* the several petitioners sought by a special action, in the nature of mandamus, to compel the Director of the Department of Corrections to accept custody of over 150 sentenced felons held by the petitioners. The Director had refused to accept the prisoners, claiming the prison system lacked the space. We held that the Director had the unqualified duty, pursuant to A.R.S. § 31–201.01, to receive and hold all prisoners sentenced to the state prison. Although the Director had urged in the cited case that it was impossible for him to accept more prisoners without a four to six weeks delay, we held that he had not shown that it was impossible to provide temporary accommodations for the sentenced prisoners. We held that the county was entitled to have us compel the Director to perform his statutory duty to receive prisoners, but we limited that relief by requiring that the Director perform his duty within ten days of being notified that a prisoner was ready for delivery to the Department.

The decision in *Maricopa County v. State, supra,* did not consider the issue of when a prisoner becomes the financial responsibility of the Department of Corrections. The most that can be read into our decision is

that the Director, due to overcrowded prison conditions, could avoid being held in contempt if he received sentenced prisoners within ten days after notification of the sentence.

■ Although the Director of Corrections was granted some accommodation in the time required to perform his duty, the whole tenor of *Maricopa County v. State* is that the Department of Corrections has the duty to receive, hold, and accept the responsibility for all convicted felons sentenced to prison. We reaffirm that position.

■ A resolution of the case at issue depends upon the construction and meaning to be given to the several statutes applicable to persons sentenced to imprisonment. It is a familiar rule of statutory construction that a court, in construing the meaning of several statutes, should read them together to give effect to all if possible. *Ordway v. Pickrell,* 112 Ariz. 456, 543 P.2d 444 (1975). The court may also look to the historical background of a statutory enactment to shed light on its meaning and intent. *City of Mesa v. Killingsworth,* 96 Ariz. 290, 394 P.2d 410 (1964).

The Department of Corrections was created in 1968. It brought together into a single state agency "all matters relating to the institutionalization, rehabilitation and parole functions of all adult and youth offenders." A.R.S. § 41–1602.

The passage of the 1978 criminal code harmonized the various sections of that code with the provisions of Chapter 11 of Title 41 defining the organization and duties of the Department of Corrections.

The criminal code provided that persons sentenced to imprisonment for a felony were to be committed to the custody of the Department of Corrections. A.R.S. § 13–701. This provision is consistent with the requirements of A.R.S. § 31–201.01, requiring the Department of Corrections to hold in custody all persons sentenced to the state prison. It is noteworthy that the legislature has provided in A.R.S. § 31–234 that the Director of Corrections may contract with cities and counties to transfer state

prisoners to a jail or correctional facility of a city or county. The foregoing statute requires the state to contribute to the payment of the costs of maintaining such transferred prisoners in the city or county facility.

The duties of the sheriff in the area are to "... receive all persons committed to jail by competent authority and provide them with necessary food, clothing and bedding, the cost of which shall be a county charge." A.R.S. § 31–121. The sheriff is also required to take charge of the prisoners in the county jail [A.R.S. § 11–441(A)(5)].

■ The Director contends that the statutory sentencing system recognizes that prisoners will be held in the custody of the sheriff after imposition of sentence because A.R.S. § 13–709(A) provides that a sentence commences when imposed. The Director also points out that all time spent in custody prior to sentencing is credited against the term. A.R.S. § 13–709(B). This statutory system is in contrast to that existing in some jurisdictions where credit for a felony sentence cannot be given for time spent in the county jail. *See Sheriff v. Commissioners of Corrections,* 383 Mass. 631, 421 N.E.2d 75 (Mass.1981). The Director concludes from the foregoing that the Department of Corrections has no financial responsibility for a prisoner until he is in the actual custody of the Department, and the sheriff and county must provide for the cost of maintenance of a prisoner until his delivery to the Department.

There is some merit in the contentions of the Director, but the weakness in his position is that he extends it too far. The sheriff and the county initially have the financial burden of maintaining prisoners awaiting trial and sentence.

After sentencing it appears reasonable that the sheriff and county should bear the continued financial burden until the sheriff is legally able to deliver the prisoner to the Department of Corrections. In this regard, Rule 26.16(b), Rules of Criminal Procedure, provides that a certified copy, signed by the sentencing judge, of the judgment and sentence in the court's minutes is the evidence

necessary to carry into execution any sentence. Until the clerk of the superior court is able to provide the necessary signed and certified copy of the court's minutes, the sheriff is not legally able to require that the prisoner be accepted by the Department of Corrections.

■ When, however, the sheriff is legally able to deliver a prisoner to the Department of Corrections, can the Department require that the county continue to bear the financial burden of maintaining a prisoner because the Department delays the receipt of the prisoner? We think not.

In *Maricopa County v. State, supra,* we held that the Department of Corrections must receive all prisoners sentenced to its custody. When the delay in receiving a prisoner is due to the action of the Department of Corrections, the financial burden should not be borne by the county. The department charged with responsibility for the prisoner should bear the cost. We, therefore, hold that the Department of Corrections must accept delivery of a sentenced prisoner when the sheriff has a certified copy of the judgment and sentence, signed by the sentencing judge, and if the Department for any reason delays the acceptance of such a prisoner, the reasonable cost thereafter of maintaining the prisoner in the county jail must be borne by the Department of Corrections.

■ The plaintiff sheriffs suggest that after sentencing they should have no further responsibility for a sentenced felon. This, of course, is contrary to the long established practice in this state that the sheriff take custody of sentenced prisoners. We believe that A.R.S. § 11–441(A)(4) authorizes the superior court to require that the sheriff attend sentencings and take charge of persons sentenced to prison.

The plaintiffs contend that the cost of transporting a prisoner to the Department of Corrections should not be a county charge. The statutes are not specific in setting forth who has the duty to transport a prisoner to the custody of the Department of Corrections. The provisions of Title 31

concerning the state prison and Title 41, Chapter 11 dealing with the duties and powers of the Department of Corrections do not require that the Department transport sentenced prisoners to the state prison. A.R.S. § 31–201.01 requires that the Department of Corrections hold in custody all persons sentenced to the state prison. We note that the word "hold" is used rather than words such as "take into custody," "transport," "pick up," etc.

■ It is not contested that for many years it has been the practice for the sheriffs of the various counties to deliver sentenced prisoners to the state prison and in more recent times to the facility designated by the Department of Corrections. Where there has been such a background of acquiescence in the meaning of a law unless manifestly erroneous, we will not disturb it. *Bohannan v. Corporation Commission,* 82 Ariz. 299, 313 P.2d 379 (1957). We hold that the duty of delivering prisoners to the Department of Corrections rests upon the sheriff when so ordered by the superior court, and the expense for such transportation is a county charge.

The plaintiffs contend that, even if the Court rules that the sheriff and county must bear the burden of the cost of transporting prisoners, they should not be required to transport a prisoner any further than to the nearest Department of Corrections' facility. At the time of the hearing the Department designated a single facility to receive newly sentenced prisoners. The facility, located in Phoenix, was designated as a so-called diagnostic center where prisoners were held pending classification and assignment to an appropriate facility.

■ The statutes do not invest the superior courts with the authority to designate the place of confinement. The sentencing court may only commit a sentenced prisoner to the custody of the Department of Corrections. The Director is given the authority to administer the institutions within the Department and transfer adult inmates between institutions and facilities. A.R.S. § 41–1604. We believe that the Director is invested with the authority to designate the place for delivery of prisoners for assumption of custody by the Department. When the superior court orders the sheriff to deliver a sentenced prisoner to the Department of Corrections, the delivery must be made to the facility designated by the Department.

As noted earlier in this opinion, the rights and duties of the parties to this appeal are governed by statute. In light of the problems which have occurred in recent times the Legislature may wish to examine the issues which have arisen.

The problems faced by the counties and the Department of Corrections have caused the parties to seek relief in the courts. Prior to the present litigation the counties had not made any claim against the Department of Corrections for the cost of maintaining prisoners sentenced to the custody of the Department. We believe that serious economic hardship could result if this decision were given retroactive application. As we have on other occasions, *Southern Pacific Co. v. Cochise County,* 92 Ariz. 395, 377 P.2d 770 (1963), we believe that the economic impact of this decision should be prospective from the date of the issuance of this decision rather than from the date of the judgment of the trial court. The Department of Corrections is limited to expending money appropriated to it. With notice of our decision defining the obligations of the parties, the Department can request of the Legislature such funds as may be necessary to pay the Department's obligations to the counties as they may occur.

The judgment of the superior court is affirmed as modified above, and the case is remanded to the superior court for further proceedings consistent with the views expressed in this opinion.

GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

FELDMAN, J., did not participate in the determination of this matter.