528 So.2d 394 (1988)
METROPOLITAN DADE COUNTY, Appellant,
v.
Dexter LEHTINEN, Appellee.
No. 88-449.
District Court of Appeal of Florida, Third District.
March 3, 1988.
Robert A. Ginsburg, County Atty., for appellant.
Dexter Lehtinen, Mitchell Katz, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
We agree with the trial court that the proposed ballot question in issue here[1] is both affirmatively misleading in critical respects,[2] see Askew v. Firestone, 421 So.2d 151 (Fla. 1982), and, even more clearly, does not satisfy the requirement of section 101.161(1), Florida Statutes (1987), that the "substance of ... [the] measure ... be printed in clear and unambiguous language," nor that of Article 7, Section 7.01(4)(b) of the Metropolitan Dade County Home Rule Charter that a proposition be *395 submitted "in such manner as provides a clear understanding of the proposal."
We find no merit in the county's argument that the action is barred by laches.
Affirmed.[3]
NOTES
[1] The question provides:

HOME RULE CHARTER REVISIONS
SHALL THE DADE COUNTY CHARTER BE AMENDED TO PROVIDE FOR, AMONG OTHER THINGS, REVISIONS TO: THE CITIZENS' BILL OF RIGHTS; THE COUNTY COMMISSION'S POWERS, PROCEDURES AND ELECTIONS; THE ORGANIZATION OF THE COUNTY'S ADMINISTRATION; THE TRANSFER OF MUNICIPAL EMPLOYEES; THE PROCEDURES FOR CREATION AND ABOLITION OF MUNICIPALITIES; THE PROCEDURES FOR INITIATIVE, REFERENDUM AND RECALL; THE PROCEDURES FOR THE AMENDMENT OF THE CHARTER; AND VARIOUS TECHNICAL AND PROCEDURAL MATTERS?
 YES ____
 NO ____

[2] For example, the question refers to revisions of "the procedures for initiative, referendum

and recall" [e.s.], while the actual proposal involves extensive substantive changes in the grounds and availability of the recall process.
[3] Rehearing is dispensed with.