PER CURIAM.
Petitioners, pursuant to the Home Rule Charter of Metropolitan Dade County, sought to amend the city charter of respondent, the City of Miami Beach, by petition campaign. Following certification of petitions by the Supervisor of Elections of Dade County, respondent city commission refused to place the proposed amendment on the city election ballot. Petitioners sought relief by way of mandamus to which the city filed a motion to dismiss. *957 The trial court denied the writ and dismissed the cause. We affirm.
The proposed ballot question at issue here[1] is affirmatively misleading, see Askew v. Firestone, 421 So.2d 151 (Fla.1982) and does not satisfy the requirement of section 101.161(1), Florida Statutes (1987), that the “substance of ... [the] measure ... be printed in clear and unambiguous language,” nor that of Article 7, Section 701(4)(b) of the Metropolitan Dade County Home Rule Charter that a proposition be submitted “in such manner as provides a clear understanding of the proposal.” See Smathers v. Smith, 338 So.2d 825 (Fla.1976) (voters must be able to comprehend the sweep of each proposal from a fair notification that is neither less nor more extensive than it appears to be); see also Hill v. Milander, 72 So.2d 796, 798 (Fla.1954); Metropolitan Dade County v. Lehtinen, 528 So.2d 394 (Fla. 3d DCA), review denied, 528 So.2d 1182 (Fla.1988); Kobrin v. Leahy, 528 So.2d 392 (Fla. 3d DCA), review denied, 523 So.2d 577 (Fla.1988).
The ballot question and the proposed amendment[2] both address the subject of projects which the city undertakes affecting real estate. They both refer to the sum of $500,000. However, the compatibility of the ballot and proposed amendment ends there. The ballot states that the $500,000 voter approval requirement refers to projects “that have a total value in excess of ... ($500,000).” On the other hand, the amendment itself references the $500,000 approval requirement to “projects involving ... real estate, ... the total costs of which including improvements have a total value of ($500,000) or more.” Clearly, the amendment states that the $500,000 figure is to be arrived at by totalling the costs of the project plus the cost and/or value of the real estate.
The statutorily required “substance” of the measure is not reflected in the ballot, nor does the ballot provide a clear understanding of the proposal. Therefore, while the ballot’s wording notifies voters they are voting for referendum when an expenditure is greater than $500,000, in actuality, based on the wording of the amendment itself, they are voting for referendum not only in that situation but also in the dramatically different situation that occurs when a small expenditure by the city affects high value real estate.[3] Customarily, the repair and maintenance to existing facilities are provided for either in an annual budget or by special appropriation adopted by the city commission. Thus, the ballot, when compared to the proposed amendment, does not give the electorate fair notice of “the actual change wrought therein,” Askew, 421 So.2d at 152.
While the reasoning we follow in affirming the trial court’s decision was not advanced by the city in defense of its decision not to put the proposed amendment on the city election ballot, we affirm based upon our analysis as stated above. See Combs v. State, 436 So.2d 93 (Fla.1983) (where *958 trial court reached right result albeit for wrong reasons, affirmance held proper). See also State ex rel. Bottome v. City of St. Petersburg, 126 Fla. 233, 170 So. 730 (1936) (mandamus is equitable in nature and controlled according to equitable principles). We find no merit to the city’s argument as to petitioners’ improper use of mandamus writ, see West Palm Beach Ass’n of Firefighters, Local Union 727 v. Board of City Comm’rs of the City of West Palm Beach, 448 So.2d 1212 (Fla. 4th DCA 1984); see also C. Rhyne, The Law of Local Government Operations, § 8.15, at 132 (1980) (stating that “if all necessary steps have been taken, mandamus will lie to compel submission of the ordinance to the electors”), nor to the city’s argument that petitioners are barred by collateral estoppel.
Accordingly, the decision of the trial court is affirmed.

. The ballot provides:
THE ELECTORS OF MIAMI BEACH SHALL HAVE THE POWER TO APPROVE OR DISAPPROVE ALL PARTICIPATION OF THE CITY IN PROJECTS INVOLVING THE ACQUISITION, LEASING, OR DISPOSITION OF REAL ESTATE, AND/OR INTERESTS IN REAL ESTATE, AND/OR CAPITAL IMPROVEMENTS TO REAL ESTATE THAT HAVE A TOTAL VALUE IN EXCESS OF FIVE HUNDRED THOUSAND ($500,000) DOLLARS.

. The proposed amendment which is the subject of this appeal states:
The City of Miami Beach, its agencies and/or subdivisions shall be and they are hereby prohibited from participation in any project involving the acquisition, leasing, or disposition of real estate, and/or interest in real estate, and/or capital improvements to real estate. (Sec. 2.11.7(b), Code of Metropolitan Dade County), the total costs of which including improvements have a total value of five hundred thousand ($500,000) dollars or more. This prohibition shall include the participation by the City of Miami Beach by through, or in the use of its property, funds, or credit unless such project is first approved at a referendum election by a majority of the voters participating in such election.

. By way of illustration: The valuation of a small recreational park including an existing building is $495,000. Unexpected erosion has caused the need to repair a portion of the building. The estimated cost of repair is $6,000. A referendum would be required because the aggregate exceeds a "total value" of a half million dollars, to wit: $501,000.