ALTENBERND, Acting Chief Judge.
Eight is Enough in Pinellas (Eight is Enough) and Fred A. Thomas appeal a summary judgment in favor of the Pinellas County Supervisor of Elections (the Supervisor) in an action for declaratory relief. The judgment declared that the Supervisor may reject many signatures on the referendum petitions involved in this case because the signatures were on petitions limited to the November 1994 general election. This declaration has the practical effect of preventing a referendum from appearing on the November 1996 ballot. This referendum would have sought to amend the Pinellas County Charter to include term limits for several elective offices. We have expedited this decision because the issue affects the responsibilities of the Supervisor in the November 1996 election. Although the judgment must be a great disappointment to the supporters of term limits, we conclude that the trial court properly upheld the Supervisor’s decision.
Pinellas County has a home rule charter, which can be amended by a majority vote of the electors in a countywide referendum. The charter provides that an amendment can be placed on a ballot either by action of the county commissioners or by charter initiative. The entire charter provision concerning citizen initiative states:

Section 6.02 Charter Initiative

Amendments to the Charter may be proposed by a petition signed by registered electors equal to at least 10 percent of the number of registered electors of the County at the time of the last preceding General Election. No more than 30 percent of those registered electors signing petitions shall reside in any one county commission district. Such petition shall be filed with the Clerk of the Circuit Court in his capacity as Clerk of the Board of County Commissioners, together with an affidavit from the Supervisor of Elections certifying the number of signatures which have been verified as registered electors of Pinellas County.
Any such amendment shall be subject to referendum at the next scheduled countywide election; provided, however, the Board of County Commissioners may call a special referendum election for said purpose. Said referendum shall be called by the Board of County Commissioners and notice of said referendum, together with the exact language of the proposed amendment as submitted on the petition, shall be published by the Board of County Commissioners once a week for 4 consecutive weeks in a newspaper of general circulation in the County, the first such publication being at least 45 days prior to the referendum. Passage of proposed amendments shall require approval of a majority of electors voting in said election on such amendment.
Two aspects of section 6.02 are particularly important in this case. First, this section does not contain any express length of time a signature remains valid on a petition for initiative. This is in contrast to the state statute governing petitions to amend the Florida Constitution, which limits the validity of signatures on such petitions to four years. § 100.371(2), Fla. Stat. (1995).
*900 Second, section 6.02 does not compel the Board of County Commissioners to place the amendment on a ballot of the next scheduled general election; the Board may call a special referendum. In either case, the voters must have at least 45 days’ notice of any upcoming referendum.
In the summer of 1994, Eight is Enough began circulating petitions, seeking to amend the Pinellas County Charter to provide for term limits for the county commissioners, the clerk of circuit court, the property appraiser, the sheriff, the supervisor of elections, and the tax collector. Eight is Enough attempted to obtain enough signatures to place this initiative on the ballot for the general election in November 1994. When it did not obtain the necessary signatures in time for that election, it continued obtaining signatures in hopes of placing the initiative on a subsequent ballot.
Eight is Enough drafted its own petition. Rather than using a single petition for many signatures, Eight is Enough circulated individual petitions which each elector signed and dated. Immediately adjacent to the dated signature, the petition stated in large bold type:
“I am a registered voter of Pinellas County, Florida, and hereby petition the Pinellas County Board of County Commissioners to place the following amendment to the Pinellas County Home Rule Charter on the ballot of the next scheduled countywide election.”
Following the election in November 1994, the Supervisor continued to receive and process petitions under the apparent assumption that the earlier petitions were still valid. In June 1995, the Supervisor realized that her assumption might not be correct. Thus, she requested an opinion from the Pinellas County Attorney. In July 1995, the Pinellas County Attorney’s Office provided her with a memorandum advising that the petitions dated prior to the November 1994 election were no longer valid because the petitioners had expressly requested that the issue be voted on in “the next scheduled countywide election.” Because that election was over, the County Attorney’s Office reasoned that the petitions were self-limiting to that election and were no longer valid. The County Attorney’s Office maintained that the Supervisor could not merely assume that the signatories would want the initiative on any subsequent ballot when they had expressly asked that it be presented at a particular election.
After reviewing the opinion, the Supervisor agreed and announced that she would not accept the petitions signed prior to the November 1994 election. Eight is Enough filed an action in circuit court seeking a declaration that these petitions were still valid for a future election. The parties stipulated to the necessary facts and agreed that the trial court could resolve the question as a matter of law. The trial court declared, consistent with the Supervisor’s determination, that the older petitions were self-limiting to the November 1994 election. Eight is Enough has appealed that judgment to this court.
We do not doubt that some of the voters who signed the petitions in the summer of 1994 would currently wish for this issue to be placed on either the next scheduled countywide election or a subsequent countywide election if insufficient signatures are obtained prior to the next scheduled election. This underscored language, however, is not contained in the petition. It is also likely that at least some petitioners who wanted this issue on the 1994 ballot would not want the issue to appear on a future ballot.
Although the ambiguous language in the petition is derived from a phrase in the charter, the charter does not require Eight is Enough to use this phrase in the petition. Neither the Supervisor nor any other county official encouraged Eight is Enough to use this self-limiting language. Further, the language actually attempts to circumvent the county commissioners’ option to place the amendment on a separate special referendum election.
The supervisor of elections is the elected official who is vested with the initial discretion to reach a reasonable solution to this ambiguity. It is well established that the courts must treat such a decision as presumptively correct and must uphold it if the decision is rational and not clearly out *901 side - the applicable legal requirements. Boardman v. Esteva, 323 So.2d 259 (Fla.1975), cert. denied, 425 U.S. 967, 96 S.Ct. 2162, 48 L.Ed.2d 791 (1976). The stipulated facts in this case reveal no basis for a court to rule that the Supervisor’s decision is not rational and within the applicable legal requirements. Even if we were to limit the Supervisor’s discretion because the proposed amendment could affect her term of office, her refusal to assume that all of the petitioners intended the petition to apply to any future countywide election is not unreasonable. See Bath Club, Inc. v. Dade County, 394 So.2d 110, 113 & n. 12 (Fla.1981). Accordingly, the law requires that we affirm this decision.
Affirmed.
LAZZARA and QUINCE, JJ., concur.