714 So.2d 1043 (1998)
Steven R. MAXWELL and John Branch Griffin, Sr., Appellants,
v.
LEE COUNTY, Florida, Appellee.
No. 97-02002.
District Court of Appeal of Florida, Second District.
June 10, 1998.
Rehearing Denied August 5, 1998.
*1044 Maria Lara Peet, Fort Myers, for Appellants.
James G. Yaeger, Lee County Attorney, and John S. Turner, Assistant County Attorney, Fort Myers, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellants, Lee County residents Steven R. Maxwell and John Brian Griffin, Sr., challenge the summary judgment entered in favor of appellee, Lee County, on appellants' challenge to the procedure used in the special elections by which Lee County voters approved the adoption of the Lee County Charter. We affirm.
The two key statutes authorizing counties to adopt a county home rule charter are sections 125.60 and 125.82(1), Florida Statutes (1995), which provide as follows:
125.60 Adoption of county charter. Any county not having a chartered form of consolidated government may, pursuant to the provisions of ss. 125.60-125.64, locally initiate and adopt by a majority vote of the qualified electors of the county a county home rule charter.

(Emphasis supplied.)
125.82 Charter adoption by ordinance.
(1) As a supplemental and alternative way to the provisions of ss. 125.60-125.64, inclusive, the board of county commissioners may propose by ordinance a charter consistent with the provisions of this part and provide for a special election pursuant to the procedures established in s. 101.161(1) with notice published as provided in s. 100.342. The time period provided in s. 125.64 does not apply to the proposal of a charter by ordinance under this section.
Lee County proceeded under section 125.82(1) in adopting the enabling ordinance (No. 96-01), that authorized placement of the Charter Referendum proposition on the ballot in a special election. The voters approved the ordinance and Lee County became a home rule county.
While appellants mount an attack upon the election procedures on numerous grounds, the primary thrust of this attack is more focused and we, therefore, accordingly narrow our discussion of the reasons for our affirmance to the more narrowly focused issue.
Appellants' primary attack grows out of the provisions of section 101.161(1), Florida Statutes (1995), which provides as follows:
(1) Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates, followed by the word "yes" and also by the word "no," and shall be styled *1045 in such a manner that a "yes" vote will indicate approval of the proposal and a "no" vote will indicate rejection. The wording of the substance of the amendment or other public measure and the ballot title to appear on the ballot shall be embodied in the joint resolution, constitutional revision commission proposal, constitutional convention proposal, taxation and budget reform commission proposal, or enabling resolution or ordinance. The substance of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure. The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.

(Emphasis supplied.)
Appellants claim that because the ballot title contained in the enabling ordinance differed from that contained in the resolution that authorized the wording presented to the voters, the ballot title that was presented to the voters was defective under this section, and the election was invalid.
Paragraph Four of Lee County enabling Ordinance No. 96-01 provided for the ballot title to "be substantially in the following form:

CHARTER FOR LEE COUNTY, FLORIDA

AS PROPOSED BY LEE COUNTY ORDINANCE NO. 96-01."
Paragraph Five of Lee County enabling Ordinance No. 96-01 provided:
The Board of County Commissioners of Lee County, Florida, is authorized to adopt all Resolutions and to take all actions necessary in order that this Charter Referendum proposition and those propositions referenced i[n] the Preamble and Articles of the Proposed Charter herein are properly placed on the Special Referendum Ballot for November 5, 1996. Said Referendum shall be conducted according to the requirements of law governing Referendum Elections in the State of Florida.
Following the dictates of the enabling ordinance, the Board of County Commissioners of Lee County adopted Lee County Resolution 96-01-11. Included in the resolution was a "Notice of Special Election" providing that a special election would be held on the proposed charter. That notice specified that the ballot title would "read substantially as follows:

LEE COUNTY ORDINANCE NO. 96-01

LEE COUNTY HOME RULE CHARTER QUESTION"
Appellants focus primarily upon the addition of the words "home rule" in the resolution version of the ballot title. We conclude that there is no substantial or invalidating difference between the wording of the proposed ballot title as set forth in the enabling ordinance and that contained in the subsequent resolution. See Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla.1981); Boardman v. Esteva, 323 So.2d 259 (Fla.1975). Section 101.161(1) provides that the ballot title shall speak in terms "by which the measure is commonly referred to or spoken of." Section 125.60 speaks specifically in terms of "a county home rule charter." We conclude in regard to the ballot title that the addition of the words "home rule" brought the title more in conformity with the statutory intent and, rather than being misleading, was clarifying.
Appellants also argue that the summary of the ballot question as contained in the ordinance, resolution, and on the ballot is vague and ambiguous. Appellants assert that many of the powers granted by the charter are presently available to noncharter counties and that this was not fully explained to the voters in the ballot summary. They also complain that other powers granted are not fully explained. The ballot summary provides as follows:
Should there be a Home Rule Charter for Lee County per Ordinance No. 96-01, which provides for, among other things, local self-government powers approved by the electorate not inconsistent with general or special laws, superiority of municipal ordinances, an elected County Commission, an appointed County Manager and County Attorney, citizen initiative for County Ordinances and Charter Amendments, recall of *1046 Commissioners, retention of elected Constitutional Officers, and a Charter Review Committee?
As stated by our supreme court in Advisory Opinion to the Attorney General re Limited Casinos, 644 So.2d 71, 75 (Fla.1994): "The seventy-five word limit placed on the ballot summary as required by statute does not lend itself to an explanation of all of a proposed amendment's details." We find, as did the supreme court in Casinos, that the summary for the charter election in Lee County provided the voters with sufficient information to make an informed decision on how to cast their ballots. See also Abramowitz v. Glasser, 656 So.2d 1332 (Fla. 4th DCA 1995).
Finally, we conclude that despite appellant's argument to the contrary, holding the special election for the adoption of the Lee County Charter on the same date as the general election on November 5, 1996, did not violate article VIII, section 1(c) of the Florida Constitution, which provides: "Pursuant to general or special law, a county government may be established by charter which shall be adopted, amended or repealed only upon vote of the electors of the county in a special election called for that purpose." Without commenting upon the validity of a special election being held on the date of a general election, this court has on several occasions approved the action of the voters taken in such an election. See Eight is Enough in Pinellas v. Ruggles, 678 So.2d 898 (Fla. 2d DCA 1996); Wadhams v. Board of County Commissioners, 567 So.2d 414 (Fla. 1990). Moreover, section 101.161(1) seems to contemplate a special election vote being held in conjunction with a general election because it provides that "the substance of the amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates." (Emphasis supplied.)
We therefore affirm the summary judgment entered below.
THREADGILL and GREEN, JJ., concur.