751 P.2d 603

**The STATE of Arizona, Appellee,**

v.

**Thomas William PEARCE, Appellant.**

**No. 2 CA–CR 87–0486.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 25, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Joseph T. Maziarz, Phoenix, for appellee.

Friedl & Richter by William J. Friedl, Tucson, for appellant.

OPINION

LACAGNINA, Chief Judge.

On January 22, 1987, Thomas William Pearce pled guilty by agreement to one count of theft, resulting from his conversion of three pieces of equipment leased from Woudenberg Leasing Company. The parties agreed to a term of probation and further agreed as follows:

> Full restitution shall include the victim's loss, involving a 1978 Ford flatbed truck and a Caterpillar wheel tractor, Model 641. Total restitution shall be as deter-

mined by the court, but in no event less than $10,000 which shall be paid prior to defendant's sentencing. State shall have the right to withdraw from the plea agreement should defendant fail to have paid at least $10,000 toward restitution prior to his sentencing.

In preparation for sentencing in this case, defense counsel and the state filed sentencing memoranda including a memorandum filed by the victim, Woudenberg Leasing Company. On April 24, 1987, Pearce agreed in writing to make restitution to H & S Developers of Yuma, Arizona, in the amount of $30,000. H & S was not a victim in this case, and the amount of restitution involved another matter pending in Yuma County resulting from Pearce's sale to H & S of two pieces of the equipment. The court ordered that Pearce pay restitution of $30,000 to H & S pursuant to his agreement.

On May 4, 1987, in reliance on the supreme court holding in *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987), and having previously found a factual basis for Pearce's plea and that it was entered knowingly, voluntarily and intelligently, the trial court stated that before it decided whether to accept the plea agreement, it would hear testimony on restitution. At this hearing, Pearce conceded that the figures offered by Woudenberg were accurate in that they reflected the amount owed under the equipment lease less the resale proceeds from the two items recovered. The trial court accepted Woudenberg's lease calculations and ordered Pearce to pay restitution to Woudenberg in the amount of $92,086.02, finding that amount to be "the monies [Woudenberg] would have earned had this agreement been carried out."

The issue on appeal is the definition of "economic loss" contained in the restitution statutes. In this case, the trial court interpreted "economic loss" to include the entire amount of the lease contract deficiencies. In addition, the court imposed a special condition of Pearce's probation requiring

that he pay the civil judgment in Maricopa County Cause No. C–541306.[1] Pearce had agreed only that payment of restitution would be a probation condition.

The relevant provisions of the restitution statutes are as follows:

§ 13–603. **Authorized disposition of offenders**

\* \* \* \* \* \*

**C.** If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court pursuant to chapter 8 of this title. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim.

\* \* \* \* \* \*

§ 13–804. **Restitution for offense causing economic loss; fine for reimbursement of public monies**

\* \* \* \* \* \*

**B.** In ordering restitution for economic loss pursuant to § 13–603, subsection C or subsection A of this section, the court shall consider all losses caused by the criminal offense or offenses for which the defendant has been convicted.

§ 13–105. **Definitions**

\* \* \* \* \* \*

11. "Economic loss" means any loss incurred by a person as a result of the commission of an offense. Economic loss includes lost interest, lost earnings and other losses which would not have been incurred but for the offense. Economic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.

▮ We do not believe Woudenberg is entitled to use the criminal justice system to enforce its lease contract. Our statute

1. Woudenberg Leasing obtained a default judgment against Pearce in an amount similar to that ordered for restitution in this case.

specifically excludes from the victim's economic loss for restitution purposes any "consequential damages." Pearce's theft or damaging of the equipment here resulted in loss of equipment or its value, but the resulting breach of the lease and lost profits are consequential damages resulting from Pearce's conversion. Such lost profits do not "flow" from the acts to which Pearce pled guilty.

Part of the difficulty in this case may result from a failure to distinguish between restitution in a criminal case and civil damages which may be recovered in a separate civil proceeding. Restitution and civil damages are independent under Arizona law in that a restitution award has no effect on the victim's ability to recover damages in a civil action. A.R.S. § 13–807 provides that "[a]n order of restitution in favor of a person does not preclude that person from bringing a separate civil action and proving in that action damages in excess of the amount of the restitution order."

Division One of this court has previously quoted language we find persuasive here:

Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money.

. . . . .

Even if it can be implied that defendant owes money to Ward, [victim] the conclusion does not necessarily follow that he is civilly liable.

*State v. Reese*, 124 Ariz. 212, 215, 603 P.2d 104, 107 (App.1979), *quoting People v. Richards*, 17 Cal.3d 614, 131 Cal.Rptr. 537, 541, 552 P.2d 97, 101 (1976). In the present case, the offense is theft, and the corresponding civil action would be one for conversion or trespass to chattels, and not breach of a lease contract. The measure of damages in such an action would be the market value of the goods if not recovered, if destroyed or if damaged beyond repair. If the goods are recovered, the measure of damages would be the difference in value of the items before and after the conversion, perhaps allowing credit against the judgment for any resale or salvage proceeds.

The amount to be awarded to Woudenberg was the subject of a restitution hearing prior to sentencing. Defense counsel had filed a memorandum arguing that Woudenberg's actual loss was only $7,387.94 after considering the amounts paid by Woudenberg for the equipment and deducting the total sums paid by Pearce on the leases as well as the resale proceeds after Woudenberg had recovered and sold two of the items. At the hearing, defense counsel correctly pointed out to the court that "the question is whether they're entitled to all the profit" or income provided in the lease agreement. We think not. There was no specific agreement by Pearce to pay restitution of $92,086.02, and the court did not obtain Pearce's agreement to that amount. Only when the amount had been decided did the judge address Pearce directly on the subject:

THE COURT: Mr. Pearce, do you have anything to say on your own behalf before the Court proceeds with sentence?

MR. PEARCE: No, sir.

\*　　\*　　\*　　\*　　\*　　\*

[THE COURT:] Do you have any questions regarding the sentence I have imposed, Mr. Pearce?

MR. PEARCE: No.

THE COURT: Mr. Friedl [defense counsel]?

MR. FRIEDL: No, Your Honor.

While Pearce did agree to pay restitution as determined by the court but in no event less than $10,000, the requirements of *State v. Lukens,* 151 Ariz. 502, 729 P.2d 306 (1986), and *State v. Phillips,* 152 Ariz. 533, 733 P.2d 1116 (1987), were not satisfied. Pearce does not seek a remand under *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987), to determine whether his plea was knowing and voluntary. He seeks an order modifying the restitution award to Woudenberg to reflect economic loss. We agree with Pearce. As we discussed above, we do not believe that A.R.S. § 13–603(C) contemplates the award of contract damages made by the trial court. We remand for a determination of the economic loss actually suffered by Woudenberg as a result of the theft consistent with this opinion.

Additionally, we do not believe that the court was correct in ordering "as a special term of probation" that Pearce pay the civil judgment in C–541306 which Woudenberg had obtained by default against Pearce in its breach of contract action. A.R.S. § 13–901(A) requires that the court order restitution "where there is a victim who has suffered economic loss," and § 13–808(B) allows payment of restitution to be made a probation condition.

While we are generally reluctant to interfere with the trial court's discretion in imposing probation conditions, we do not find this special condition to be reasonably related to the goals of probation. The statutory scheme under §§ 13–604(C), 13–804 through 13–810, and 13–901(A) is designed to fulfill the reparation goal of criminal punishment. *See State v. Cummings,* 120 Ariz. 69, 583 P.2d 1389 (App.1978). Probation should not be used in this case to enforce Woudenberg's civil default judgment. Restitution serves the purposes of probation, and payment of the civil judgment is not a proper probation condition in addition to a properly calculated restitution award.

The judgment of conviction is affirmed, and the matter is remanded for a determination of the amount of restitution.

HOWARD, P.J., and HATHAWAY, J., concur.