754 P.2d 293
**STATE of Arizona, Appellee,**

v.

**Mark Daniel MOORE, Appellant.**

**Nos. CR–86–0319–AP, CR–86–0320–AP.**

Supreme Court of Arizona,
En Banc.

April 28, 1988.

---

1. I agree with and do not discuss the majority's holding relating to the victim's statement that she feared the defendant.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

FERNANDEZ, Court of Appeals Judge.

The sole issue in this case is whether the trial court had jurisdiction to order restitution payments to commence while appellant was incarcerated in the Arizona State Prison. We hold that, under the circumstances of this case, the restitution order was proper. We have jurisdiction pursuant to A.R.S. § 13–4031.

In two separate indictments, appellant Mark D. Moore was charged with the commission of two first-degree murders, three aggravated assaults, three kidnappings, armed robbery, armed burglary and theft. Five different people were victims of the crimes, two of whom were killed. All the offenses were alleged to be dangerous, involving the use of a deadly weapon. In addition, nine prior felony convictions were alleged, and it was alleged that appellant was on parole or other form of release in violation of A.R.S. § 13–604.02 at the time the offenses were committed. *Hannah* priors were also alleged. *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). As a result of two written plea agreements, appellant pled guilty to three kidnapping counts, class 2 dangerous felonies involving different victims, and one count of first-degree murder, a class 1 felony committed while appellant was on parole. In return, the state agreed that the death penalty

would not be imposed and the other counts would be dismissed.

Appellant was sentenced on August 15, 1986, to life imprisonment without possibility of parole or release for 25 years on the first kidnapping count, and the sentence was ordered to run consecutively to the two sentences for which appellant had been released on parole. On the first-degree murder count, appellant was sentenced to life imprisonment without possibility of parole or release for 25 years, the sentence to be served consecutively to the parole offenses and the first kidnapping sentence. On the other two kidnapping charges, appellant also received life sentences, each to be served consecutively to all the previously imposed sentences. In addition, the court determined that the family of the murder victim suffered an economic loss in the amount of $2,554, which was ordered to be paid at the rate of $100 per year beginning in 1995 until paid in full.

Appellant's sole issue on appeal is his contention that the trial court exceeded its authority in ordering the restitution payments to begin while he is incarcerated in the Arizona State Prison.

Appellant argues that under Arizona's statutory scheme, the Department of Corrections is fully responsible for a prisoner's custody, control, treatment and rehabilitation during the time the prisoner is committed to its custody. A.R.S. §§ 13–701, 31–201.01 and 41–1604(A)(2); *Dupnik v. MacDougall*, 136 Ariz. 39, 664 P.2d 189 (1983); *Maricopa County v. State*, 126 Ariz. 362, 616 P.2d 37 (1980). Since the Department of Corrections has custody of appellant, he contends the trial court has no jurisdiction to order him to pay restitution.

Restitution, both as reparation to the victim and as part of the rehabilitation of the offender, has been a part of the criminal justice system for a long time. *Shenah v. Henderson*, 106 Ariz. 399, 476 P.2d 854 (1970); *Redewill v. Superior Court of Maricopa County*, 43 Ariz. 68, 29 P.2d 475 (1934). Recent statutory enactments have made the imposition of restitution mandatory. A.R.S. § 13–603(C). In addition, the legislature has provided a comprehensive

scheme for filing, perfection and collection of restitution liens in order to insure that maximum efforts are expended to obtain payment of restitution. A.R.S. §§ 13–804 through 13–806 and 13–808 through 13–810.

Pursuant to A.R.S. § 31–251(A), every able-bodied prisoner under commitment to the Department of Corrections is required to engage in hard labor for not less than 40 hours per week. Prisoners engaged in productive work are entitled to compensation. A.R.S. § 31–254(A). A.R.S. § 31–254(D) provides as follows:

> If the compensation due a prisoner exceeds fifty cents per hour, and if a court has ordered the prisoner to pay restitution pursuant to § 13–603, thirty per cent of the prisoner's compensation shall be expended for the court ordered restitution.

It is clear that the court was authorized to order restitution in this case pursuant to A.R.S. § 13–603(C). The amount of the restitution is not questioned. Only the manner of payment is at issue. Under A.R.S. § 13–603(C), the court was required to consider the defendant's economic circumstances in determining the manner of payment. A.R.S. § 13–804(D); *State v. Currie*, 150 Ariz. 59, 721 P.2d 1186 (App. 1986). It is obvious that the court complied with that mandate in allowing appellant some nine years to accumulate sufficient money in his prison account to allow payment of $100 each year. If the amount ordered is too high, appellant can seek a reduction at the appropriate time. *State v. Fox*, 153 Ariz. 493, 738 P.2d 364 (App.1986).

We therefore find no merit to appellant's argument that the court lacks authority to order restitution payments to commence while appellant is incarcerated. It is clear from the legislature's enactment of A.R.S. § 31–254(D) and related restitution statutes that the court has jurisdiction to order payment as it did.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and have found none. The conviction and sentence are affirmed.

FELDMAN, V.C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

Justice FRANK X. GORDON, JR. did not participate in this decision pursuant to Ariz. Const. art. 6, § 3; Judge LLOYD FERNANDEZ, Court of Appeals, Division Two was designated to sit in his stead.