IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAR 31 2009

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,          )
                               )
                   Appellee,   )          2 CA-CR 2008-0057
                               )          DEPARTMENT B
             v.                )
                               )          O P I N I O N
JAMES LEWANDOWSKI,             )
                               )
                  Appellant.   )
                               )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20071116

Honorable Michael J. Cruikshank, Judge

AFFIRMED IN PART; VACATED IN PART

Terry Goddard, Arizona Attorney General
 By Kent E. Cattani and Laura P. Chiasson                    Tucson
                                                Attorneys for Appellee


Robert J. Hirsh, Pima County Public Defender
 By M. Edith Cunningham                                      Tucson
                                                Attorneys for Appellant

V Á S Q U E Z, Judge.

**¶1** Appellant James Lewandowski appeals the trial court's entry of a criminal restitution order, pursuant to A.R.S. § 13-805, at the time of his sentencing.[1] He contends that under § 13-805, a criminal restitution order may not be entered prior to the expiration of a defendant's prison term or sentence of probation and that the early entry of the order constitutes an illegal sentence due to the mandatory imposition of interest under § 13-805(C). For the reasons that follow, we vacate the restitution order.

## Facts and Procedural Background

**¶2** "We view the facts in the light most favorable to sustaining the convictions." *State v. Robles*, 213 Ariz. 268, ¶ 2, 141 P.3d 748, 750 (App. 2006). On March 10, 2007, around 10:30 p.m., Sahuarita police officer Blevins observed a man sitting in a blue pickup truck parked at a shopping center with its engine running. It appeared as though the man was about to smoke something, but, because he was startled by Blevins's approach, he dropped what he was holding onto his lap. Upon speaking with the man, Blevins noticed his eyes were watery, he responded slowly to questioning, and his speech was slurred. Despite Blevins's instruction to keep his hands on the steering wheel, the man grabbed items from the center console and threw them into his lap. He then put the car into reverse, and, when

---

[1]Lewandowski raised additional issues concerning prosecutorial misconduct and the court's reasonable doubt instruction. However, pursuant to Rule 28(g), Ariz. R. Civ. App. P., we have addressed those in a separately filed memorandum decision. *See Ne. Phoenix Holdings, LLC v. Winkleman*, 219 Ariz. 82, n.1, 193 P.3d 776, 777 n.1 (App. 2008). Although not directly relevant to the issue discussed here, we provide the facts and procedural background in this opinion to provide a context for our discussion.

Blevins tried to wrest the keys from the ignition, the man locked the doors and rolled up the window. Blevins called for backup and attempted to prevent the truck from leaving, but the driver backed into Blevins's patrol car, drove onto the sidewalk, and fled. When Blevins located the truck a short while later, it had been abandoned. Inside, Blevins and another officer found a small plastic bag containing a "crystalline type material," a "dime size kind of white yellowish rock," and two glass cylinders with burnt residue on them.

¶3        The next day, Lewandowski, the owner of the truck, reported it stolen. Blevins went to an address in Tucson and immediately recognized Lewandowski as the person driving the truck the previous evening. Lewandowski was arrested and charged in connection with the items found in his truck. Following a jury trial, he was convicted on all counts, and the trial court sentenced him to concurrent, enhanced, mitigated prison terms, the longest of which was eight years. The court also imposed fines and surcharges totaling $5,400 and entered a criminal restitution order for that amount. This appeal followed.

## Discussion

¶4        Lewandowski argues the trial court's reduction of his criminal fines to a criminal restitution order (CRO) pursuant to § 13-805 before the expiration of his prison

sentence constitutes an illegal sentence that must be vacated.[2]  Because he failed to raise this

issue below, we review for fundamental error only.  *See State v. Moreno-Medrano*, 218 Ariz.

349, ¶ 16, 185 P.3d 135, 140 (App. 2008).  However, the imposition of an illegal sentence

constitutes fundamental error.  *State v. Joyner*, 215 Ariz. 134, ¶ 5, 158 P.3d 263, 266 (App.

2007).

**¶5**　　　　　At sentencing, the trial court entered an order requiring Lewandowski to pay

$5,400 in fines and surcharges, a $25 indigent assessment fee, and a $20 time payment fee.

In its sentencing minute entry, the court affirmed these fines and costs and further ordered

that "all fines, fees and/or assessments are reduced to a criminal restitution order this date

pursuant to A.R.S. § 13-805."[3]  Lewandowski contends § 13-805 expressly precludes the

---

[2]At oral argument, the state conceded that under the language of the statute, the CRO
was entered prematurely.  However, it noted that the language in § 13-805(C) is quite broad
and may apply to other types of criminal restitution orders.  It therefore urged that we decide
only the limited question before us concerning the entry of the specific CRO contemplated
in § 13-805(A).  We agree and so limit our holding.  We neither decide nor comment upon
the application of § 13-805(C) to any other statute.

[3]Lewandowski alternatively argues that, because the trial court did not state aloud at
sentencing that it was reducing his fines and fees to a criminal restitution order, its oral
pronouncement controls over the later, written judgment.  Generally, when there is a
discrepancy "between the written judgment of conviction and the oral sentence, . . . the oral
pronouncement . . . control[s]."  *State v. Johnson*, 108 Ariz. 116, 118, 493 P.2d 498, 500
(1972).  However, the entry of a CRO is not itself a penalty; it is the mechanism for enforcing
a penalty previously imposed but not yet satisfied.  Therefore, it is not part of the sentence
and was not required to be part of the court's oral pronouncement of sentence.  *See State v.
Anderson*, 169 Ariz. 381, 382, 819 P.2d 967, 968 (App. 1991) (trial court not required to
orally pronounce time payment fee at time of sentencing because "need for the assessment
. . . arises only *after* sentencing when the court-ordered penalty, fine or sanction is not paid
in full on the day that it is imposed"), *vacated in part on other grounds*, 171 Ariz. 34, 827
P.2d 1129 (1992).

4

entry of a CRO until after a defendant's sentence or term of probation expires. He argues that, because § 13-805(C) permits the accrual of interest upon the entering of the CRO, the premature entry of such an order "exacts an additional penalty on the defendant," unauthorized by law.

¶6         We review issues of statutory interpretation de novo. *State v. Ontiveros*, 206 Ariz. 539, ¶ 8, 81 P.3d 330, 332 (App. 2003). "Our goal in interpreting statutes is to ascertain and give effect to the intent of our legislature." *State v. Garcia*, 219 Ariz. 104, ¶ 6, 193 P.3d 798, 800 (App. 2008). Our starting point is the plain language of the statute "as the best and most reliable indicator of the statute's meaning," and, unless otherwise indicated, we assume the words contained in the statute have "their natural and obvious meanings." *Id.* We will not look beyond a statute's language unless the statute is ambiguous and there is "'uncertainty about the meaning or interpretation of [its] terms.'" *Nordstrom v. Cruikshank*, 213 Ariz. 434, ¶ 14, 142 P.3d 1247, 1252 (App. 2006), *quoting Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶7         Preliminarily, it is beyond dispute that, at the time of sentencing, a trial court has the authority to enter judgment for the total amount a defendant will be required to pay, including fines, fees, costs, and restitution. The court may also order a defendant to make payments during the term of incarceration or probation. *See generally* A.R.S. §§ 13-801, 13-804, 13-808; *see also State v. Moore*, 156 Ariz. 566, 568, 754 P.2d 293, 295 (1988) (finding clear from statutory framework that trial court has jurisdiction to order restitution payments

5

while defendant incarcerated). Thus, here we are not concerned with the trial court's general ability to order a defendant to make payments before his sentence or term of probation has expired. We address only two issues—the timing of the entry of the specific order described in § 13-805(A) and whether, because of the accrual of interest under § 13-805(C), early entry of such an order results in an illegal sentence.

¶8        Section 13-805 provides, in pertinent part:

>    **A.** The trial court shall retain jurisdiction of the case for purposes of modifying the manner in which court-ordered payments are made until paid in full or until the defendant's sentence expires. At the time the defendant completes the defendant's period of probation or the defendant's sentence, the court shall enter both:
>
>        1. A criminal restitution order in favor of the state for the unpaid balance, if any, of any fines, costs, incarceration costs, fees, surcharges or assessments imposed.
>
>        2. A criminal restitution order in favor of each person entitled to restitution for the unpaid balance of any restitution ordered.
>
>        . . . .
>
>    **C.**    A criminal restitution order may be recorded and enforced as any civil judgment . . . . Enforcement of a criminal restitution order by any person who is entitled to restitution or by the state includes the collection of interest that accrues pursuant to [A.R.S.] § 44-1201 in the same manner as any civil judgment. A criminal restitution order does not expire until paid in full.

The meaning of the statute is clear on its face. First, it requires the trial court to enter a CRO for the unpaid balances of any monies owed to the state or to individuals as restitution. And

second, it instructs the court to do so "at the time the defendant completes the defendant's period of probation or the defendant's sentence." The statute does not give the trial court authority to enter the CRO before Lewandowski's period of probation or term of imprisonment has expired.

¶9 The legislature added § 13-805 well after the other restitution and fine statutes were enacted. 1986 Ariz. Sess. Laws, ch. 248, § 7 (enacting § 13-805); 1978 Ariz. Sess. Laws, ch. 201, §§ 110, 115 (transferring and renumbering restitution statutes formerly numbered §§ 13-1001 through 13-1006 and 13-4015). Thus, to adopt the state's argument that the statute permits entry of a CRO at any time before expiration of the defendant's sentence would render irrelevant the preexisting statutory sections that already provide for the imposition and payment of fines, restitution, and costs during that time—a result we generally seek to avoid.[4] *In re Maricopa County Superior Court No. MN 2001-001139*, 203 Ariz. 351, ¶ 17, 54 P.3d 380, 383 (App. 2002). *See* A.R.S. §§ 13-801(B); 13-804(J), (K); 13-806(H) (providing for filing and enforcement of restitution lien for fine or restitution at time of sentencing); § 13-808(A) (permitting trial court to require defendant make payments while incarcerated), (B) (requiring court order for payment as condition of probation); *see also State v. Moore*, 156 Ariz. at 568, 754 P.2d at 295 (finding meritless defendant's claim that

---

[4]Our interpretation is consonant with the statute's purpose, which is to ensure that a defendant makes any court-ordered payments "at the earliest possible opportunity," thus making it unnecessary for "the State and the victims to pursue other, more time-consuming remedies to collect the sums due them." *State v. Pinto*, 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App. 1994).

"the court lacks authority to order restitution payments to commence while [defendant] is incarcerated").

¶10    Therefore, we conclude that § 13-805 applies only at the expiration of a defendant's sentence or period of probation.  Consequently, the trial court erred by entering the CRO at the time of sentencing.  However, this does not end our inquiry.  The early entry of such an order might be harmless error except that the entry of a CRO under § 13-805 triggers the additional requirement that the defendant pay interest on the judgment at a statutory rate of ten percent.  *See* §§ 13-805(C); 44-1201.  Thus, we must still determine whether a CRO entered at sentencing constitutes an illegal sentence because it causes interest on a defendant's obligation to accrue prematurely.[5]

¶11    In *Moreno-Medrano*, 218 Ariz. 349, 185 P.3d 135, this court was asked to decide whether the trial court had erred by reducing an order to pay nonpunitive attorney fees and indigent administrative fees to a CRO at the time of sentencing.  There, however, the defendant, who had failed to object below, did not argue on appeal that the error was fundamental, and we found his claim waived.  *Id.* ¶ 17.  Nonetheless, in dicta we expressed skepticism that an illegal sentence could result from the entry of a CRO for nonpunitive fees

---

[5]We recognize that notwithstanding § 13-805, a victim may pursue restitution by filing a civil complaint, which, if successful, would entitle the victim to interest on the judgment regardless of the defendant's incarceration or probationary status.  However, in § 13-805, the legislature did not distinguish between restitution, fees, and fines.  We therefore cannot escape the plain language of the statute, which conditions entry of the CRO for any type of court-ordered payment upon the defendant's release from incarceration or completion of probation.

the trial court was otherwise entitled to impose. *Id.* However, after further reflection upon the issues as they have been fully presented in this case, we now conclude that early entry of a CRO does create an illegal sentence because it requires a defendant to make additional payments that are not authorized by law. *See State v. Soria*, 217 Ariz. 101, ¶ 7, 170 P.3d 710, 712 (App. 2007) (imposition of unauthorized warrant fee constituted illegal sentence).

¶12 At common law, judgments did not bear interest, and entitlement to interest derived solely from statutory provisions authorizing it. *State v. Foy*, 176 Ariz. 166, 169, 859 P.2d 789, 792 (App. 1993); *see also Pierce v. United States*, 255 U.S. 398, 406 (1921). And, historically, orders imposing criminal penalties have not been thought to be interest-bearing judgments, perhaps "rest[ing] on judicial unwillingness to expand punishment fixed for a criminal act beyond that which the plain language of the statute authorizes." *See Rodgers v. United States*, 332 U.S. 371, 374 (1947).

¶13 This view was adopted by Division One of this court in *Foy*. There, the trial court had ordered interest on a restitution award to accrue from the date of sentencing, apparently believing interest on the judgment was included in the definition of "economic loss" as used in the statute governing restitution, § 13-804. 176 Ariz. at 167, 859 P.2d at 790. However, Division One rejected that view, finding the "legislature ha[d] narrowed the definition of 'economic loss,' as that term is used in reference to restitution," as evidenced by its explicit exclusion of unliquidated damages such as pain and suffering, punitive damages, and consequential damages. *Id.* at 170-71, 859 P.2d at 793-94; *see also* A.R.S.

§ 13-105(16) (providing same definition of economic loss). Thus, Division One concluded, interest did not represent a loss exclusively attributable to the commission of the offense and therefore could not be "imposed by the court on a restitution award in a criminal case." *Foy*, 176 Ariz. at 171, 859 P.2d at 794.

¶14 *Foy* was consistent with the statutes governing restitution and fines in existence when that case was decided. At the time, although the statutes provided for payment of restitution and fines during incarceration and probation, none of them provided for the accrual of interest. *See* 1986 Ariz. Sess. Laws, ch. 248, § 7; 1978 Ariz. Sess. Laws, ch. 201, §§ 110, 115. However, in 2005, twelve years after *Foy* was decided, the legislature amended § 13-805(C) to provide for the accrual of interest on criminal restitution orders entered pursuant to that statute after a term of probation or incarceration expires. 2005 Ariz. Sess. Laws, ch. 260, § 6.

¶15 Section 13-805(C) therefore represents a change to the common law and grants a trial court limited authority to do something it could not do before—impose interest on all court-ordered payments, beginning when a defendant's sentence or probationary term expires. However, § 13-805(C) is limited in scope and, as we have noted, no other provision in the criminal fine and restitution statutes provides for the accrual of interest on any type of payment. Thus, by obligating a defendant to pay more than the statute requires, the early entry of a CRO constitutes an illegal sentence, which is necessarily fundamental, reversible error. *See Soria*, 217 Ariz. 101, ¶ 7, 170 P.3d at 712 (imposition of warrant fee unauthorized

10

under circumstances created illegal sentence; fee vacated as fundamental error); *State v. Joyner*, 215 Ariz. 134, ¶ 5, 158 P.3d 263, 266 (App. 2007).  We therefore vacate the trial court's criminal restitution order.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge