IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2010-0052 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| JAMES CHARLES RAY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR200900042

Honorable Donna M. Beumler, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Alan L. Amann

Tucson
Attorneys for Appellee

Zohlmann Law Offices
  By Robert J. Zohlmann

Tombstone
Attorneys for Appellant

B R A M M E R, Presiding Judge.

¶1        After a bench trial, appellant James Ray was convicted of two counts of reckless burning and ordered to pay $308,506.19 in reimbursements to various agencies for emergency response expenses related to fighting the fire he had caused.  On appeal,

Ray asserts the order was neither a proper restitution order pursuant to A.R.S. § 13-804 nor authorized by A.R.S. § 13-1709.  He also contends the trial court could not require him to reimburse federal agencies pursuant to § 13-1709(E)(2) because the definition of "public agency" in the statute does not include federal entities.  Finally, he contends the court violated his rights to due process and to a jury trial by imposing civil liability as part of his criminal sentence.  We affirm.

### Factual and Procedural Background

¶2        On appeal, "[w]e view the facts in the light most favorable to upholding the trial court's sentence." *State v. Monaco*, 207 Ariz. 75, ¶ 2, 83 P.3d 553, 555 (App. 2004).  In 2008, Ray started a home brush fire which burned out of control.  The fire, which ultimately became known as the "Moon Canyon fire," consumed about 700 acres near Bisbee, Arizona.  Multiple agencies, through a system of intergovernmental agreements, assisted in fighting the fire.  Ray was charged with reckless burning in violation of A.R.S. § 13-1702(A), and reckless burning of wildlands in violation of A.R.S. § 13-1706(A), (C)(2), both class one misdemeanors.  After a two-day bench trial, the court found Ray guilty on both counts.

¶3        At a restitution hearing, the state presented evidence of costs incurred by three public agencies in fighting the fire, reflecting the following amounts:  $53,485.38 by the United States Department of Agriculture, Forest Service (USDA); $51,521.19 by the Bureau of Land Management (BLM); and $237,760.82 by the Arizona State Forestry Division.  The trial court suspended the imposition of sentence, placed Ray on probation for three years, and ordered him, pursuant to §§ 13-804 and 13-1709, to pay a total of

2

$308,506.19 in reimbursements to the three agencies. The reimbursement amounts reflected the three agencies' costs less a ten percent offset for the incidental benefit to the community of burning dry brush near structures. This appeal followed.

**Discussion**

**Statutory Authority**

**¶4** Ray first argues the trial court lacked statutory authority to order him to pay the reimbursement because the order was neither a proper restitution order pursuant to §13-804, nor authorized by § 13-1709. Because Ray failed to object below, he has forfeited the right to relief for all but fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). An illegal sentence, however, constitutes fundamental error. *State v. Zinsmeyer*, 222 Ariz. 612, ¶ 26, 218 P.3d 1069 (App. 2009); *see also State v. Lewandowski*, 220 Ariz. 531, ¶ 11, 207 P.3d 784, 788 (App. 2009) (requiring defendant to make payments not authorized by law constitutes illegal sentence).

**¶5** Section 13-1709 provides, in relevant part, as follows:

> A. A person who commits an act in violation of this chapter that results in an appropriate emergency response or investigation and who is convicted of the violation may be liable for the expenses that are incurred incident to the emergency response and the investigation of the commission of the offense.
>
> B. The court may assess and collect the expenses prescribed in subsection A. The court shall state the amount of these expenses as a separate item in any final judgment, order or decree.
>
> . . . .

3

E.  For the purposes of this section:

1. "Expenses" means reasonable costs that are directly incurred by a public agency, for profit entity or nonprofit entity that makes an appropriate emergency response to an incident or an investigation of the commission of the offense, including the costs of providing police, fire fighting, rescue and emergency medical services at the scene of the incident and the salaries of the persons who respond to the incident….

2. "Public agency" means this state, any city, county, municipal corporation or district, any Arizona federally recognized native American tribe or any other public authority that is located in whole or in part in this state and that provides police, fire fighting, medical or other emergency services.

Ray asserts the statute only imposes civil liability and does not authorize trial courts in criminal prosecutions to determine the amount and order direct payment of expenses incurred, as the trial court did here.

¶6        As a result of Ray's conviction, he "may be liable for the expenses that are incurred incident to the emergency response and the investigation of the commission of the offense." § 13-1709(A).  Section 13-1709(B) allows "the court" to collect and assess those expenses.  The issue on appeal is whether the trial court in this criminal proceeding has the authority to determine the amount of the defendant's liability or whether that determination can be made only in a separate civil proceeding, brought by the agency that incurred the expense, and reduced to a judgment in that proceeding.

¶7        "The primary rule of statutory construction is to find and give effect to legislative intent." *Mail Boxes, Etc., U.S.A. v. Indus. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995).  We first look to the plain language of the statute as the best

4

reflection of the legislature's intent. *See id.* If that language is unambiguous, we do not employ other rules of statutory construction to interpret the statute. *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).

**¶8** Although § 13-1709(A) gives rise to a criminal defendant's financial liability, the statute does not specify how the amount of the debt is determined or whether the agency must commence a separate action to collect the debt. *Compare*, *e.g.*, A.R.S. § 13-2314(A) ("The attorney general or a county attorney may file an action in superior court on behalf of a person who sustains injury . . . by racketeering . . . ."). And, although the statute prescribes a procedure for collection, § 13-1709(B) refers to "the court" at the time of "final judgment, order, or decree," without clarifying whether it is referring to the court involved in the defendant's criminal proceeding or a court that renders a civil judgment. Ray argues the statute "clearly" does not authorize a court in a criminal matter to order restitution or reimbursement because the statute's heading includes the phrase, "civil liability." However, headings to sections "are supplied for the purpose of convenient reference and do not constitute part of the law." A.R.S. § 1-212. Therefore, the heading cannot control the plain meaning of the statute's text, although we consider it below as an indication of legislative intent. *See State v. Superior Court*, 128 Ariz. 535, 537, 627 P.2d 686, 688 (1981).

**¶9** To the extent the statutory language is ambiguous, we may look beyond the statute's language to its context and historical background in order to determine the legislature's intent. *See Blake v. Schwartz*, 202 Ariz. 120, ¶ 29, 42 P.3d 6, 12 (App. 2002). The statute's heading reads: "Emergency response and investigation costs; civil

5

liability; definitions." § 13-1709. Ray argues the phrase "civil liability" indicates that such liability may be imposed only by a judgment in a civil action.

¶10 The legislative history, however, makes it clear that, after the heading was drafted, the legislature amended the bill specifically to authorize a court to assess and impose costs under § 13-1709 at the time of sentencing following a criminal conviction. A proposed version of §13-1709 provided in subsection (A) that a person who was convicted of a violation of chapter seventeen "may be civilly liable" for emergency response and investigation expenses. S.B. 1242, 46th Leg., 2d Reg. Sess. (Ariz. 2004) (introduced version). A subsequent amendment deleted the word "civilly" from subsection (A) and simultaneously added the current subsection (B), which allows a court to "assess and collect the expenses prescribed in subsection A." S.B. 1242, Senate Amendments, Comm. on Judiciary, 46th Leg., 2d Reg. Sess. (Feb. 11, 2004). According to the bill's final amended fact sheet, that amendment had the effect of "giv[ing] a judge discretion of awarding recoupment costs to emergency response entities at the time of sentencing for an arson crime." S.B. 1242, Final Amended Fact Sheet, 46th Leg., 2d Reg. Sess. (Ariz. 2004); *see also State v. Payne*, 223 Ariz. 555, n.5, 225 P.3d 1131, 1139 n.5 (App. 2009) (legislative fact sheets relevant legislative history and reflective of legislative intent). It therefore is clear from the statute's text, together with its legislative history, that the legislature intended to give courts the authority to assess and collect expenses under § 13-1709 when sentencing a convicted criminal defendant. Thus, the

6

trial court had the authority under § 13-1709 to enter the monetary assessment order against Ray.[1]

**¶11** Ray also argues that, because the definition of "public agency" in § 13-1709(E)(2) does not include federal agencies, the trial court had no authority to order him to reimburse them. The statute provides, however, that a "public agency" includes "any other public authority that is located in whole or in part in this state and that provides police, fire fighting, medical or other emergency services." § 13-1709(E)(2). Testimony presented at the restitution hearing established BLM has both land and employees, and provides fire fighting services, in Arizona. The USDA also maintains multiple Forest Service offices throughout Arizona and assists the Arizona State Forestry Division in fighting fires. Because both the BLM and USDA clearly fit the definition of "public agency," the court had the authority to order reimbursement to them and the Arizona State Forestry Division. Therefore, Ray has failed to establish that the court imposed an illegal sentence for lack of statutory authority and has failed to show error, much less fundamental, prejudicial error.

---

[1]Although the trial court used the word "restitution" when it ordered Ray to reimburse these agencies, the terms are not important. The statutory authority for the court's order is clear, and its language choice is superfluous. And, because we hold the trial court had the authority under § 13-1709 to order Ray to pay these emergency response expenses, we need not address his arguments that it did not have such authority pursuant to A.R.S. § 13-804, or that the order constituted a fine which exceeded the statutory maximum.

**Due Process**

¶12 Finally, Ray argues the trial court violated his rights to due process and to a jury trial by ordering him to pay the emergency response amounts, because it "dispose[d] of [his] civil liability." Because Ray raises this issue for the first time on appeal, he is precluded from relief absent fundamental, prejudicial error. *See Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607-08. Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id.* ¶ 19, *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). Such error must be "'clear, egregious, and curable only via a new trial.'" *State v. Bible*, 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993), *quoting State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

¶13 Ray relies on *State v. Pearce*, 156 Ariz. 287, 289, 751 P.2d 603, 605 (App. 1988), to support his argument that a court violates due process and a defendant's right to a jury trial when it imposes reimbursement under § 13-1709. In *Pearce*, the defendant pled guilty to theft. The court, interpreting the definition of "economic loss" in the restitution statutes, held Pearce's restitution should be limited to the economic loss caused by the theft and could not include breach of contract damages and lost profits that arose as a result of the theft. *Id.* at 288-90, 751 P.2d at 604-06. The court held that such contract damages were consequential and could not be assessed because they did not "'flow' from the acts to which Pearce pled guilty." *Id.* at 289, 751 P.2d at 605. In so

8

concluding, the court discussed the threat to a defendant's due process rights where a court orders payment of civil damages as a part of a sentence in a criminal case:

> A judge may infer from a jury verdict of guilt . . . that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including . . . a right to a trial by jury on the specific issues of liability and damages.

*Id.*, *quoting State v. Reese*, 124 Ariz. 212, 215, 603 P.2d 104, 107 (App. 1979). In other words, "it is an abuse of discretion for a sentencing judge to require restitution by a defendant for a crime in which there is no admission or adjudication of guilt or liability." *Reese*, 124 Ariz. at 214-15, 603 P.2d at 106-07. Therefore, the constitutional violation identified in *Pearce* and *Reese* may occur when a court orders a defendant to pay for a loss caused by "unproved or disproved crimes" when the defendant has been convicted of other criminal acts.

¶14 Unlike the defendant in *Pearce*, Ray was not held liable or ordered to pay for any losses caused by "unproved or disproved crimes." Pursuant to § 13-1709, the trial court ordered Ray to pay only for those losses "directly incurred" as a result of the reckless burning acts for which he had been convicted. § 13-1709(A), (E)(1). Ray argues the statute requires additional findings because liability under it extends only to "reasonable" costs for "an appropriate emergency response or investigation." However, any additional findings to determine the reasonableness or appropriateness of the response go only to the amount of the expenses for which he is liable. The court need not find any additional "admission or adjudication of guilt or liability," because the only

9

conduct necessary to confirm responsibility under the statute is established by the conviction. *See Reese*, 124 Ariz. at 215, 603 P.2d at 107. Therefore, the court did not dispose of Ray's civil liability in violation of his due process rights or right to a trial by jury.[2] Accordingly, Ray's due process rights were protected and he has failed to establish fundamental error.

## Disposition

¶15      For the foregoing reasons, we affirm the trial court's order that Ray reimburse the three public agencies for their emergency response expenses.

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Presiding Judge

CONCURRING:

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

---

[2]Indeed, Ray is entitled to contest the information on which the reimbursement amount was based. *C.f. State v. Steffy*, 173 Ariz. 90, 93, 839 P.2d 1135, 1138 (App. 1992) (in analogous situation, defendant has due process right to contest evidence supporting restitution amount). Although we neither reach nor decide whether the reimbursement ordered here also would have been proper if entered as a restitution order pursuant to § 13-804, we note the procedure the trial court used to determine reimbursement is analogous to that for restitution; the interests at stake and the procedures are similar if not identical. Ray was provided an opportunity to object to the evidence, present his own, and the court was provided sufficient information to determine which costs flowed directly from Ray's criminal conduct.